# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| **KENNETH M. SEATON d/b/a** | ) | |
| **GRAND RESORT HOTEL AND** | ) | |
| **CONVENTION CENTER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:11-cv-00549** |
| | ) | |
| **TRIPADVISOR, LLC,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Comes the Plaintiff, Kenneth M. Seaton d/b/a Grand Resort Hotel and Convention Center, by and through counsel, and files this Response to the Motion to Dismiss filed by the Defendant TripAdvisor, LLC. TripAdvisor has moved to dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and in doing so advances two arguments: (1) that the Plaintiff's Complaint fails to satisfy the pleading standard set forth in Fed. R. Civ. P. 8(a)(2) and clarified in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); and (2) that the allegedly defamatory statement at issue, TripAdvisor's "2011 Dirtiest Hotels" list, is constitutionally protected, non-actionable opinion.

In response, the Plaintiff asserts that the Complaint fully satisfies the federal pleading standard under *Twombly* and *Iqbal* in that the Complaint contains sufficient factual matter and pleads factual content, which states a claim to relief plausible on its face, and from which the Court can draw a reasonable inference that TripAdvisor is liable for the defamation alleged.

1

The Plaintiff further submits that TripAdvisor's "2011 Dirtiest Hotels" list is not constitutionally protected opinion, but is instead a false assertion of fact that is defamatory towards the Plaintiff's business, and that TripAdvisor acted with negligence or with reckless disregard in failing to ascertain the truth of the statement.

As will be shown herein, the "2011 Dirtiest Hotels" list was created, published, and distributed by TripAdvisor in such a manner as to convince the public that it was making assertions of fact, not opinion, and that these assertions of fact were false and defamatory. The Plaintiff will demonstrate that the "2011 Dirtiest Hotels" list was, without question, capable of being understood as defamatory, and thus the Court should deny the Motion to Dismiss.

## I. Plaintiff's Complaint Satisfies the Federal Pleading Standard

TripAdvisor argues that the Plaintiff's Complaint fails to satisfy Fed. R. Civ. P. 8(a)(2), the federal pleading standard as clarified by the United States Supreme Court in ***Twombly*** and ***Iqbal***. In those recent decisions, the Supreme Court adopted a "plausibility" standard for federal court pleadings.[1]  ***Twombly***, 550 U.S. at 555-57, 570; ***Iqbal***, 129 S. Ct. at 1949-50. Under this standard, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  ***Iqbal***, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570) ("only enough facts to state a claim to relief that is plausible on its face" are required).

Facial plausibility occurs "when the plaintiff pleads factual content that allows the court

---

[1]  This plausibility standard displaces "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," which was previously announced by the Supreme Court in ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

2

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). A complaint meets the plausibility standard if it tells a coherent story. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (complaint need only tell "a story that holds together").

As explained by the Supreme Court, a plaintiff must only plead "plausible grounds to infer" unlawful conduct by a defendant or "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of unlawful conduct. *Twombly*, 550 U.S. at 556. There must be sufficient factual allegations in the complaint "to raise a right to relief above the speculative level." *Id.* at 555. A complaint is simply required to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Supreme Court was not fashioning a "heightened" pleading standard beyond the requirements of Fed. R. Civ. P. 8(a)(2). *See Twombly*, 550 U.S. at 570. The requirements of Rule 8(a)(2) merely provide for a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In fact, the Supreme Court made clear that a plaintiff is still not required to plead "detailed factual allegations" or "heightened fact pleading of specifics." *Twombly*, 550 U.S. at 555, 570. Indeed, courts "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *White v. United States*, 601 F.3d 545, 551 (6th Cir. 2010) (citation omitted). The bottom line is that *Twombly* and *Iqbal* do not require a plaintiff to "prove his case on the pleadings." *Speaker v. U.S. Dept. of Health and Human Servs.*, 623 F.3d 1371, 1386 (11th Cir. 2010).

3

In determining the sufficiency of the Complaint, the Plaintiff, as the non-moving party, is entitled to a number of legal presumptions. While considering TripAdvisor's Motion to Dismiss, this Court must still "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008) (citation omitted). Moreover, the construction of a complaint in favor of the non-moving party must be liberal. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Finally, determining whether a complaint states a plausible claim is a context-specific task that requires the reviewing court to draw on its "judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

In light of the explanation and illumination of the federal pleading standard set forth above, the Plaintiff submits that the Complaint satisfies the pleading requirements of Rule 8(a)(2), as clarified by *Twombly* and *Iqbal*, as it provides enough facts to raise a plausible inference that TripAdvisor defamed the Plaintiff in its "2011 Dirtiest Hotels" list. The Complaint concisely tells a plausible story of how TripAdvisor acted negligently or with reckless disregard for the truth in creating, publishing, and distributing its "2011 Dirtiest Hotels" list to millions of people through its website and other media outlets, declaring the Grand Resort Hotel and Convention Center as the dirtiest hotel in America, and thus leaving the Plaintiff, who had previously earned and enjoyed an excellent reputation with many customers, to suffer extensive losses, both to his reputation and economic damages, because of the defamatory statement.

As touted in *Twombly* and *Iqbal*, this Court must read the story told in the Complaint through a lens of common sense and judicial experience. When this is done, it becomes clear that the Complaint makes numerous factual allegations in support of the reasonable inference that TripAdvisor is liable for the defamation as alleged, by addressing the elements of defamation and,

4

at the same time, telling a concise, plausible story that puts TripAdvisor on notice of the exact instance and nature of the alleged misconduct. Simply put, the Plaintiff's Complaint asserts all of the facts necessary to support a claim of defamation. The Complaint asserts that the Grand Resort Hotel and Convention Center enjoyed a good reputation in the community and the confidence of individuals who frequented the hotel, maintaining good business relations and being successful in its operations in the community. (Doc. 1-1 at paras. 5-6).

As further alleged, TripAdvisor published the "2011 Dirtiest Hotels" list which proclaimed the Grand Resort Hotel and Convention Center as the dirtiest hotel in America and published this list on the TripAdvisor website which is a well-known source of information for travelers worldwide when making travel plans and considering or comparing hotels. (Doc. 1-1 at para. 7). TripAdvisor also released the list through other various media such as CNN, ABC, NBC, and other local media. (Doc. 1-1 at para. 7).

TripAdvisor, in publishing the list, presented it as an accurate, reliable, and factual list and ranking of hotels which could be relied upon by the general public, including TripAdvisor users, in considering hotels or making travel plans. (Doc. 1-1 at paras. 7, 10). In doing so, TripAdvisor clearly overstated the accuracy, reliability, or level of trust that could be placed in the "2011 Dirtiest Hotels" list due to the flawed methodology or arbitrary nature used in creating the list of which TripAdvisor knew, should have known, or was reckless or negligent in disregarding the truth of the statement. (Doc. 1-1 at paras. 9-11). The publication of the "2011 Dirtiest Hotels" list resulted in damages to the Plaintiff and his business both in damaged reputation and in economic losses. (Doc. 1-1 at paras. 7, 11).

Considering all of these factual allegations, the Plaintiff's Complaint fully meets the pleading standard set forth in ***Twombly*** and ***Iqbal***, and therefore TripAdvisor's Motion to Dismiss

5

should be denied on this point.   Out of an abundance of caution and in the interest of justice, however, the Plaintiff is contemporaneously filing a Motion to Amend Complaint along with a proposed Amended Complaint, which adds and expounds upon the facts and circumstances giving rise to this action.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings, stating: "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires."   Fed. R. Civ. P. 15(a)(2).   Given that the Sixth Circuit recognizes a "liberal policy of permitting amendments," *Inge v. Rock Financial Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (citation omitted), the Plaintiff would respectfully request leave to amend in order to maintain the focus on the merits of the litigation, which is in the interest of justice.

## II.     The "2011 Dirtiest Hotels" List Is Not Constitutionally Protected Speech

The next argument advanced by TripAdvisor is that its "2011 Dirtiest Hotels" list is constitutionally protected speech under both the First Amendment of the U.S. Constitution and Article 1, Section 19 of the Tennessee Constitution.   Specifically, TripAdvisor argues that the "2011 Dirtiest Hotels" list is constitutionally protected opinion, which is non-actionable because (1) the statements are not sufficiently factual to be proven true or false; (2) ratings and reviews are inherently subjective; and (3) calling Plaintiff's hotel "The Dirtiest Hotel in America" is not subject to objective verification.   In support of this argument, TripAdvisor attaches to its Motion to Dismiss the Declaration of Cindy Klein Roche, the Vice President of Brand Experience for TripAdvisor, along with a copy of the "2011 Dirtiest Hotels" list dated January 25, 2011 (see Docs. 8-1 and 8-2).

6

The Plaintiff respectfully submits that TripAdvisor created, published, and distributed its "2011 Dirtiest Hotels" list in another configuration as well on the same date of January 25, 2011, and therefore this "2011 Dirtiest Hotels" must be considered by the Court in fairness to the Plaintiff. (See Exhibit 1 attached to the Affidavit of Todd A. Shelton, which is attached hereto as Exhibit A). This additional "2011 Dirtiest Hotels" list differs from the list submitted to this Court by TripAdvisor in that it contains additional commentary and text published by TripAdvisor explaining and commenting on the list, and conveying that the list is reliable, trustworthy, truthful, factual, accurate, and can be believed and depended upon by viewers in considering and comparing hotels and making travel plans.

The additional text on this version of the "2011 Dirtiest Hotels" list, not shown on the version submitted by TripAdvisor, includes the following statements: (1) "World's Most Trusted Travel Advice"; (2) "TripAdvisor lifts the lid on America's Dirtiest Hotels"; (3) "Top 10 U.S. Grime-Scenes Revealed, According to Traveler Cleanliness Ratings"; (4) "Now in its sixth year, and true to its promise to share the whole truth about hotels to help travelers plan their trips, TripAdvisor names and shames the nation's most hair-raising hotels."; and (5) "This year, the tarnished title of America's dirtiest hotel goes to Grand Resort Hotel & Convention Center, in Pigeon Forge, Tennessee." (See *Id.*). As will be shown, viewed within the context in which it was produced, presented, and published by TripAdvisor, and in light of all surrounding circumstances, the "2011 Dirtiest Hotels" list clearly is capable of having a defamatory meaning and can be understood by a reasonable person as defamatory.

7

### a. TripAdvisor's "2011 Dirtiest Hotels" List Viewed under the Constitutions, the Communications Decency Act, and the Law of Libel

An analysis of whether TripAdvisor's "2011 Dirtiest Hotels" list constitutes constitutionally protected, non-actionable opinion requires an understanding of many well-settled principles. Without doubt, freedom of speech is a cherished right in our society and one of the cornerstone principles upon which our nation was founded. The First Amendment of the United States Constitution guarantees the right to freedom of speech, providing in pertinent part: "Congress shall make no law … abridging the freedom of speech, or of the press…." U.S. Const. amend. I. Article I, Section 19 of the Tennessee Constitution recognizes a similar freedom and reads in pertinent part:

> That the printing presses shall be free to every person to examine the proceedings of the Legislature; or of any branch or officer of the government, and no law shall ever be made to restrain the right thereof. The free communication of thoughts and opinions, is one of the invaluable rights of man, and every citizen may freely speak, write, and print on any subject, being responsible for the abuse of that liberty.

Tenn. Const. art. I, § 19. Thus, in general, statements that are purely opinion enjoy protections under both Constitutions.

However, a defamation claim based upon written words, known as libel, is well recognized. *See Quality Auto Parts Co., Inc. v. Bluff City Buick Co., Inc.*, 876 S.W.2d 818, 820 (Tenn. 1994). Libel was originally criminal in nature, and has been recognized as a greater wrong than spoken defamation, or slander, because of the "**deliberate malignity displayed by reducing the offensive matter to writing**." *Id.* at 821 (quoting *Williams v. Karnes*, 23 Tenn. 9, 11 (1843)) (emphasis added). The Plaintiff alleges that TripAdvisor's creation, publication, and distribution of the "Dirtiest Hotels" list was deliberate and malicious and was done without any investigation, causing significant damages to the Plaintiff, both in loss of reputation and loss

8

of revenue.

Before addressing TripAdvisor's insistence that the "2011 Dirtiest Hotels" list is constitutionally protected, non-actionable opinion, it should be noted that TripAdvisor, in a footnote of its Motion to Dismiss, also contends that its "speech is entirely immune from liability under Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), which protects providers of interactive computer services like TripAdvisor from claims that seek to hold them liable as publishes or speakers of third-party content."    (see Doc. 8 at p. 8, fn. 2). Significantly, however, the "grant of immunity" under Section 230 of the Communication Decency Act ("CDA") "applies only if the interactive computer service provider is not also an 'information content provider,' which is defined as someone who is 'responsible, in whole or in part, for the creation or development of' the offending content."    *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc) (quoting 47 U.S.C. § 230(f)(3)).    The CDA "**was not meant to create a lawless no-man's-land on the Internet**."    *Id.* at 1164 (emphasis added).    In fact, the immunity afforded under the CDA is "**not absolute and may be forfeited if the site owner … makes actionable postings itself**."    *Jones v. Dirty World Entertainment Recordings, LLC*, 766 F.Supp.2d 828, 836 (E.D. Ky. 2011) (relying on *Fair Housing Council*) (emphasis added).

Because TripAdvisor acted as an information content provider and created a new message in its production and publication of the "2011 Dirtiest Hotels" list, which is entirely different from merely aggregating the reviews posted on its website, TripAdvisor's plea that the Plaintiff is seeking to "shoot the messenger" because it merely published constitutionally protected, non-actionable opinion rings hollow.    The Plaintiff takes no issue with TripAdvisor allowing users to post individual reviews.    Rather, the defamation allegation in this case is

9

solely directed at the libelous content created entirely by TripAdvisor, i.e. the "2011 Dirtiest Hotels" list, for which TripAdvisor enjoys no protection under the Constitutions or immunity under the CDA.

With regard to TripAdvisor's specific argument that its "2011 Dirtiest Hotels" list is merely a statement of non-actionable opinion, which is protected under both the United States and Tennessee Constitutions, the Plaintiff submits that courts have made clear that not all statements purporting to be merely opinion are immune from defamation claims. The U.S. Supreme Court and Tennessee courts have recognized that opinions are not automatically protected because "expressions of 'opinion' may often imply an assertion of objective fact." *Battle v. A & E Televison Networks, LLC*, No. 3:11-CV-0013, 2011 WL 3205359, at *7 (M.D. Tenn. July 27, 2011) (quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18-19, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990)). As the Supreme Court in ***Milkovich v. Lorain Journal Co.***, 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990), explained:

> Even if the speaker states the facts upon which he bases his opinion, **if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact. Simply couching such statements in terms of opinion does not dispel these implications.**

*Milkovich*, 497 U.S. at 18-19 (emphasis added).

Even if a statement is opinion, it can be defamatory if "a reasonable fact-finder could interpret it as containing false assertions of fact." ***Battle***, 2011 WL 3205359, at *8 (citing *Ogle v. Hocker*, 279 Fed. Appx. 391, 397 (6th Cir. 2008) (citing *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 516, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991)). Importantly, "there is no constitutional value in false statements of fact." ***Gertz v. Robert Welch, Inc.***, 418 U.S. 323, 340, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), *appeal after remand* 680 F.2d 527 (7th Cir. 1982),

10

*cert. denied* 459 U.S. 1226, 103 S.Ct. 1233, 75 L.Ed.2d 467 (1983).

Clearly, in view of these well-settled principles, TripAdvisor cannot shield itself from liability merely by asserting that its "Dirtiest Hotels" list was a statement of opinion by TripAdvisor itself or by TripAdvisor's aggregation of the opinions of its website posters. The defamatory statement, in this case the "2011 Dirtiest Hotels" list, must be viewed in its proper context, with the manner of its publication, any accompanying statements or assertions, and other surrounding circumstances being fully considered to determine whether the facts underlying the "opinion" are either incorrect, incomplete, and/or erroneous and therefore could reasonably be understood as a false assertion of fact and defamatory.

### b. TripAdvisor's "2011 Dirtiest Hotels" List Viewed as a Question of Law – It Is Capable of Being Understood as Defamatory by a Reasonable Person

In the present case, even assuming *arguendo* that the "Dirtiest Hotels" list is TripAdvisor's opinion, it is still capable of being interpreted as defamatory, and thus actionable, because it clearly implies that it is an assertion of fact, which TripAdvisor urges its website users and the general public to consider as reliable, trustworthy, truthful, and factual. Whether the "2011 Dirtiest Hotels" list is capable of being interpreted as a defamatory statement is a critical consideration for this Court. In *Memphis Publishing Co. v. Nichols*, 569 S.W.2d 412 (Tenn. 1978), the Tennessee Supreme Court explained that the "preliminary determination of whether the article is **Capable of being … understood [as defamatory]** is a question of law to be determined by the court." *Id.* 419 (emphasis added).

Thus, at this early stage in the proceedings, "when the court is called upon to determine whether a statement is capable of carrying a defamatory meaning, '**[t]he court does not decide whether a statement was actually defamatory, but only whether a reasonable fact-finder**

11

**could interpret it as containing false assertions of fact**.'" ***Battle***, 2011 WL 3205359, at *8

(quoting *Ogle v. Hocker*, 279 Fed. Appx. 391, 397 (6th Cir. 2008)) (emphasis added).    In

making this determination, "the '[a]llegedly defamatory statements should be judged within the

context in which they are made,' and given their usual meaning, 'as a person of ordinary

intelligence would understand them in light of the surrounding circumstances.'" ***Battle***, 2011

WL 3205359, at *3 (quoting *Revis v. McClean*, 31 S.W.3d 250, 253 (Tenn. Ct. App. 2000)).

Importantly, "[a] trial court is permitted to determine that a statement is not defamatory as a

matter of law … **only when it can say that the statement is not reasonably capable of any**

**defamatory meaning and cannot be reasonably understood in any defamatory sense**."

***Battle***, 2011 WL 3205359, at *6 (quoting *Biltcliffe v. Hailey's Harbor, Inc.*, No.

2003-02408-COA-R3-CV, 2005 WL 2860164, at *4 (Tenn. Ct. App. Oct. 27, 2005)) (emphasis

added).

　　　　This inquiry by the Court naturally raises the question of whether the statement, as

created, published, and distributed by TripAdvisor, could reasonably be considered as an

assertion of fact.    The Plaintiff submits that, viewed within its full context and in light of the

surrounding circumstances including the accompanying text added by TripAdvisor, the "2011

Dirtiest Hotels" list is clearly capable of having a defamatory meaning and can be understood by

a reasonable person as defamatory.    As demonstrated by the Plaintiff's submission of the

additional "2011 Dirtiest Hotels" list (see Exhibit 1 attached to the Affidavit of Todd A. Shelton,

attached hereto as Exhibit A), which includes additional text and commentary not shown on the

list submitted by TripAdvisor, the "2011 Dirtiest Hotels" list was asserted by TripAdvisor to be a

reliable and trustworthy ranking and review of these hotels.    This additional "2011 Dirtiest

Hotels" list differs from that submitted to this Court by TripAdvisor in that it contains additional

12

commentary and text created by TripAdvisor explaining and commenting on the list, and conveying that the list is reliable, trustworthy, truthful, factual, accurate, and can be believed and depended upon by viewers in considering and comparing hotels and making travel plans. The additional text on this version of the "2011 Dirtiest Hotels" list, not shown on the version submitted by TripAdvisor, includes the following statements: (1) "World's Most Trusted Travel Advice"; (2) "TripAdvisor lifts the lid on America's Dirtiest Hotels"; (3) "Top 10 U.S. Grime-Scenes Revealed, According to Traveler Cleanliness Ratings"; (4) "Now in its sixth year, and true to its promise to share the whole truth about hotels to help travelers plan their trips, TripAdvisor names and shames the nation's most hair-raising hotels."; and (5) "This year, the tarnished title of America's dirtiest hotel goes to Grand Resort Hotel & Convention Center, in Pigeon Forge, Tennessee." (See *Id.*).

These additional comments and assertions by TripAdvisor accompanying the "2011 Dirtiest Hotels" list provide the proper context necessary for the Court to fully consider and determine whether the "2011 Dirtiest Hotels" list could reasonably be interpreted as making false assertions of fact, and thus is capable of being defamatory. TripAdvisor's claim that the list was merely opinion, and would be understood as such by any reasonable person, is clearly contradicted and dispelled when the accompanying text and commentary that accompanied the "Dirtiest Hotels" list is considered. Not only could a reasonable person interpret the list as making assertions of fact, but TripAdvisor actually implores its readers to do just that, as the company publishing the "world's most trusted travel advice" will now "share the whole truth about hotels." The Plaintiff submits that TripAdvisor, in publishing its "2011 Dirtiest Hotels" list, was obviously implying to a reasonable person that the Grand Resort Hotel and Convention Center was the dirtiest hotel in the United States, the dirtiest hotel on the ten hotels on the "Dirtiest Hotels" list,

and/or one of the dirtiest hotels in the United States.   A reasonable person reading TripAdvisor's "2011 Dirtiest Hotels" list would not dismiss the message about the dirtiest hotels in making their hotel and travel plans.   Furthermore, the "2011 Dirtiest Hotels" list cannot be considered, as TripAdvisor suggests, to be "loose, figurative . . . or rhetorical hyperbole" because, in sharp contrast to typical hyperbole, such as extravagant advertising slogans, or "puffery," the "Dirtiest Hotels" list is put forth with an actual numerical ranking, with comments suggesting that the rankings are actual, verifiable and factual.

### c. TripAdvisor's "2011 Dirtiest Hotels" List Viewed under Authoritative and Instructive Cases

Highlighted and discussed below are several cases showing the proper analysis to be applied in reviewing defamation cases in the early stages of litigation, such as on motions to dismiss.   These cases particularly illustrate the point that a court's role at this stage is only to determine whether a statement is capable of being interpreted as containing false assertions of fact, and thus be defamatory.

As the first example, in the case of *Battle v. A & E Television Networks, LLC*, the Tennessee district court was faced with a Motion to Dismiss where the plaintiff, who was the wife of a prison inmate, was featured in a television program which highlighted a conspiracy to bring drugs into the prison.   2001 WL 3205359 at *1, *4.   Throughout the program, the plaintiff is identified as an individual who is smuggling drugs to her husband while visiting him at the prison.   *Id.* at *6.   There was no evidence that the plaintiff had actually smuggled drugs into the prison, and the plaintiff subsequently asserted claims for defamation/false light and intentional infliction of emotional distress.   *Id.* at *1.

14

In denying the Motion to Dismiss filed by A & E Television with regard to the defamation/false light claim, the district court in **Battle** reviewed the television program in its entirety and concluded that "**it is, in fact, capable of a defamatory meaning and could be viewed by a reasonable jury as holding Plaintiff in a false light**" and that "**a reasonable jury could conclude that the Program leveled false and defamatory accusations against Plaintiff**." **Id.** at *6, *8 (emphasis added). Reaching this decision, the district court reasoned that the defendant's arguments that the program was substantially true and that the program was expressing an opinion or theory were "[f]or a number of reasons … not for the Court to decide at this juncture and on this limited record." **Id.** at *6.

With respect to the specific argument by the defendant that the corrections agent, who was featured in the program, was stating "mere opinions," the district court stated that it "is not in any position to determine whether such opinions are erroneous, incorrect or incomplete." **Id.** at *7. Finally, on the subject of whether the defendant exercised reasonable care and caution in checking on the truth or falsity and the defamatory character of the communication before publishing it, the district court concluded "that is something which cannot be determined merely by looking at the pleadings, or reviewing a copy of the Program." **Id.** at *7.

In **Hibdon v. Grabowski**, 195 S.W.3d 48, 55 (Tenn. Ct. App. 2005), the Tennessee Court of Appeals reviewed a defamation case involving a business allegedly defamed on the internet. The complaint alleged that the plaintiff's jet ski modification business had been defamed by critical and negative postings on an internet site. **Id.** The plaintiff sued several individuals who posted the comments, including one defendant who operated a competing business. **Id.** The defendants raised several arguments in their defense, including that the postings were truthful, were merely opinion, and that the statements were protected under both the U.S. and

15

Tennessee Constitutions. *Id.* at 55-56. The defendants also asserted that the plaintiff was a public figure, and thus actual malice was required to be proven for the defamation claim. *Id.* The defendants filed a motion to dismiss accompanied by supporting affidavits, which the court considered, due to the affidavits, as motions for summary judgment. *Id.* at 55.

The court began its analysis by pointing out an important aspect relating to defamation law, that being the distinction drawn between private persons and public figures. *Id.* at 58. This is a critical distinction in defamation cases because, if the victim of the defamatory comments is considered a public figure, then "actual malice" must be shown to prove the defamation. *Id.* at 58 (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)). In looking at the facts of the case, the court noted that the plaintiff had actually begun the controversy by boasting on the internet and in other media about his success in building record-setting jet skis and promoting his business. *Id.* at 59. The defendants had responded to this media attention with their alleged defamatory comments and postings. *Id.* The allegedly defamatory comments consisted of postings which were disparaging the plaintiff's business and quality of work, and the plaintiff alleged that the defendants knew, or should have known, that the comments were false and misleading. *Id.* at 55.

Because there was now a public controversy on this issue, and the plaintiff had voluntarily interjected himself into this spotlight, he was, the court held, a "public figure" for the purposes of this libel action, and thus was required to show "actual malice" on the part of the defendants to prove defamation. *Id.* at 61-62. Under the "actual malice" standard, the plaintiff had the burden of proving by clear and convincing evidence that the statements were made "with knowledge of their falsity or with reckless disregard of its truth or falsity." *Id.* at

16

62 (citing *Curtis Pub. Co. v. Butts*, 388 U.S. 130, 155, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967)).

Even under this heightened standard, the court held that disposition of the case in favor of the

defendants was inappropriate at this early stage because there was evidence in the record from

which a reasonable person could conclude the statements were made with actual malice, and

there were disputes of material fact as to whether the defendants' statements were made with

reckless disregard of their truthfulness.    *Id.* at 64-65.

Another case in point, very similar factually to the case at bar, is ***Online Phone Store,***

***Inc. d/b/a Factory Outlet Store v. Better Business Bureau of Metro. New York, Inc.***, 2011 N.Y.

Misc. LEXIS 5005 (Oct. 24, 2011) (copy attached hereto as Exhibit C).    In ***Online Phone***

***Store***, a New York state court was faced with a motion to dismiss filed in a defamation case in

which the allegations arose out of allegedly defamatory rankings or "grades" of a business on an

internet website operated by a business that reviewed and scored various businesses on the

internet for the benefit of the public.    *Id.* at *1-2.    The plaintiff in ***Online Phone Store*** was an

online retailer of consumer goods, and had received an "F" score on the defendant's website.

*Id.*    The plaintiff alleged that this score was false and defamatory because the plaintiff's

business had fewer unresolved complaints than several other businesses that received higher

grades, and that the plaintiff's business was given a low grade because it had refused to pay an

"accreditation fee" to the defendant, and that businesses that had paid this fee were all highly

graded.    *Id.* at *5.

The defendant moved to dismiss the complaint, averring that the allegedly defamatory

statements or grades were protected by privileges covering comments on subjects of public

concern and also that the grades were merely statements of opinion.    *Id.*    The defendant also

submitted to the court a document purporting to explain its grading process and to show that the

grade was based on documentary evidence.  *Id.* at *8.  After considering these arguments, the

court denied the motion to dismiss.  *Id.* at *8-9.  The court held that the plaintiff's allegations

were enough to support the defamation claim and to show malice on the part of the defendant.

*Id.* at *5.  As to the defense that the statements were merely protected, unactionable opinion,

the court explained that "no comment or criticism, otherwise libelous, is [f]air or just comment

on a matter of public interest if it made through actual ill will and malice."  *Id.*  Thus, the court

in *Online Phone Store* reaffirmed the principle that opinions are not automatically protected

because opinions may often imply an assertion of objective fact.  *See Battle*, 2011 WL

3205359, at *7.

These cases make clear that if the statement at issue is capable of being understood as

defamatory, i.e., whether a reasonable fact-finder could interpret it as containing false assertions

of fact, then a court must deny a motion to dismiss.  Clearly, as previously demonstrated above,

TripAdvisor's "2011 Dirtiest Hotels" list is capable of being understood as defamatory by a

reasonable person, and therefore dismissal at this stage and on this limited record is not

appropriate.  In addition, the Plaintiff respectfully submits that this Court should follow the lead

of the district court in *Battle* and likewise conclude, in response to TripAdvisor's argument

regarding non-actionable opinion, that it "is not in any position to determine whether such

opinions are erroneous, incorrect or incomplete" at this early stage of litigation.  *See Id.* at *7.

### d. TripAdvisor's "2011 Dirtiest Hotels" List Viewed as a Question of Fact – Genuine Issues of Material Fact Exist to Show that It Could Be Understood as Defamatory by a Reasonable Person

The question of whether the statement was, in fact, understood by readers as defamatory

is an issue for the jury to decide.  *Memphis Publishing*, 569 S.W.2d at 419.  "Whether the …

article published by the defendant … was, in fact, understood by readers in its defamatory sense

18

is ultimately a question for the jury." *Id.* In other words, "it is for the jury to determine whether the statement was understood by its intended audience to be defamatory." ***Battle***, 2011 WL 3205359, at *3. In addition, "whether a statement is true or not is generally a matter for the jury." *Id.* at *6.

As previously noted, both parties have submitted supporting affidavits along with two different configurations of the "2011 Dirtiest Hotels" list that TripAdvisor created, published, and distributed to millions of people. Despite TripAdvisor's insistence that the "2011 Dirtiest Hotels" list is appropriate for consideration without converting the motion into one for summary judgment, TripAdvisor is nevertheless asking this Court to consider many underlying details surrounding the objectivity and verifiability of the "2011 Dirtiest Hotels" list in ruling on this matter.

As the Court well knows, if matters outside the pleadings are submitted and considered along with a motion to dismiss, the court should consider it as a motion for summary judgment under Fed. R. Civ. P. 12(d), which provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The Plaintiff submits that, should this Court convert this Motion to Dismiss to a Motion for Summary Judgment, then the Plaintiff also urges the Court to consider the Affidavit of Christopher Emmins, which is being submitted out of an abundance of caution to demonstrate both support for the claims at issue and also genuine issues of material fact that only a jury can decide regarding whether the "2011 Dirtiest Hotels" list was in fact understood in its defamatory sense. (See Affidavit of Christopher Emmins, which is attached hereto as Exhibit B, along with

Exhibits 1-16 attached thereto).

Mr. Emmins, is a co-founder and director of KwikChex, which provides reputation, reassurance, and resolution services to businesses, private individuals, and consumers from all over the world. (See *Id.* at para. 2). The services of KwikChex tackle the growing problems caused by online defamation, harassment, cyber bullying, distortion, and review fraud. (See *Id.*). Over the past year, Mr. Emmins has focused on investigating defamation claims against TripAdvisor on behalf of several clients. (See *Id.* at para. 4). As a result of his investigation into many aspects of the TripAdvisor business, Mr. Emmins has drawn a number of conclusions which are pertinent to the question at issue. (See *Id.* at para. 6, ).

Mr. Emmins's conclusions are as follows: (1) TripAdvisor purports to be an authentic, trusted, and reliable source of travel information for persons interested in various subjects, including hotels, resorts, restaurants or other points of interest related to travel; (2) TripAdvisor does not verify, authenticate or fact check the reviews posted on its website, and the website is susceptible to fraudulent reviews being posted; (3) TripAdvisor deletes reviews or refuses to post some reviews, and it appears to do so in an arbitrary fashion; (4) in deciding what hotels to include on each annual "Dirtiest Hotels" list, TripAdvisor relied, at least in part, upon reviews posted on its website by individuals, despite the fact that TripAdvisor knew that the reviews failed to include all hotels in any particular region, were not authenticated or fact checked for accuracy, were susceptible to fraudulent postings (both positive and negative), and were not investigated; (5) TripAdvisor appears to have created the "Dirtiest Hotels" list without any independent investigation of hotels, and without any verification of the information it did use, at least in part, as a basis for its rankings. (See *Id.* at paras. 18-20). Therefore, Mr. Emmin's ultimately concludes that TripAdvisor's methodology in composing the "Dirtiest Hotels" list is clearly flawed,

erroneous and misleading, yet TripAdvisor presents the list as being an accurate, truthful, reliable

statement of fact that travelers can rely upon in comparing and considering hotels for their travel

plans. (See *Id.* at para. 20).

The evidence provided by the Affidavit of Christopher Emmins casts serious doubt on

TripAdvisor's creation, publication, and distribution of the "2011 Dirtiest Hotels" list. The

Plaintiff is entitled to have a jury consider these facts, as they provide genuine issues of material

fact about whether a reasonable person would, in fact, conclude that the "2011 Dirtiest Hotels"

list was defamatory.

### III. Conclusion

While there are many facts that the Plaintiff will have to prove at a later stage of litigation,

there is simply nothing in Fed. R. Civ. P. 8 or the interpretation of the plausibility pleading

standard in ***Twombly*** and ***Iqbal*** that requires the Plaintiff to prove his case at the pleading stage.

TripAdvisor has been provided fair notice regarding the Plaintiff's claim that it defamed him in the

creation, publication, and distribution of the "2011 Dirtiest Hotels" list, which highlights the fact

that TripAdvisor acted negligently or recklessly in performing no investigation of its false

assertions of fact. Moreover, because the "2011 Dirtiest Hotels" list is *capable* of being

understood by a reasonable person in a defamatory sense as a matter of law, TripAdvisor enjoys no

protection under the U.S. or Tennessee Constitutions or under the Communications Decency Act.

The Plaintiff respectfully submits that because TripAdvisor should not be permitted to

publish its own libelous content with impunity, TripAdvisor should answer for its abuse in this

case. With a ruling in favor of TripAdvisor, the Court will allow TripAdvisor will become

more impenetrable and more dangerous than ever in "a lawless no-man's land on the Internet."

*See **Fair Housing Council***, 521 F.3d at 1164. With a ruling in favor of the Plaintiff, the Court

will allow the Plaintiff to have his day in court in an effort to restore his reputation and losses caused by TripAdvisor's "2011 Dirtiest Hotels" list.    Therefore, TripAdvisor's Motion to Dismiss should be denied.


                                                    s/ John T. Milburn Rogers
                                                    John T. Milburn Rogers (BPR# 001422)
                                                    Jenny Coques Rogers (BPR#018771)
                                                    Todd A. Shelton (BPR#023884)
                                                    John Rogers Law Group
                                                    102 South Main Street
                                                    Greeneville, TN 37743
                                                    (423) 638-7000


                                                    s/ Sidney Gilreath
                                                    Sidney Gilreath (BPR# 2000)
                                                    Gilreath & Associates
                                                    550 Main Avenue, Suite 600
                                                    Knoxville, TN 37902
                                                    (865) 637-2442


## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that a true and exact copy of the foregoing document has been filed electronically and will be sent by the operation of the Court's electronic filing system to all parties indicated on the electronic filing system receipt, and all persons or parties not on the electronic filing receipt will be served by regular U.S. Mail.    Parties may access this filing through the Court's electronic filing system.

        This the 31st day of March, 2012.


                                                    s/ John T. Milburn Rogers _____
                                                    John T. Milburn Rogers

                                                    22