IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

---------------------------------------------------------------- x
KENNETH M. SEATON d/b/a
GRAND RESORT HOTEL AND                    :    3:11-cv-00549
CONVENTION CENTER,                        :
                                          :
            Plaintiff,                 :
                                          :
    - against -                         :
                                          :
TRIPADVISOR, LLC,                         :
                                          :
            Defendant.                 :
---------------------------------------------------------------- x

# DEFENDANT TRIPADVISOR, LLC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

S. Russell Headrick
Meghan H. Morgan
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919

James Rosenfeld
Samuel Bayard
DAVIS WRIGHT TREMAINE, LLP
1633 Broadway, 27th Floor
New York, New York 10019

*Attorneys for TripAdvisor, LLC*

# TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| PRELIMINARY STATEMENT | | | 1 |
| ARGUMENT | | | 2 |
| I. | THE "DIRTIEST HOTEL" STATEMENT IS FULLY PROTECTED, NON-ACTIONABLE OPINION | | 2 |
|   | A. | Ratings Like the "Dirtiest Hotels" List Are Inherently Subjective Opinions that Cannot Be Proven True Or False | 2 |
|   | B. | Plaintiff's Cases Miss the Mark | 4 |
| II. | PLAINTIFF'S DIVERSIONARY TACTICS ARE IRRELEVANT TO THE OPINION ANALYSIS | | 5 |
|   | A. | Whether the "Dirtiest Hotel" List is Defamatory is Irrelevant to the Opinion Analysis | 6 |
|   | B. | Whether a Statement is Fact or Opinion is a Question of Law for the Court to Determine on a Motion to Dismiss | 7 |
|   | C. | The Website Printout and Press Release are Appropriately Considered on a Motion to Dismiss Without Converting the Motion to Summary Judgment | 7 |
|   | D. | The Emmins Affidavit is Irrelevant and Improper | 8 |
| CONCLUSION | | | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Battle v. A&E Television Networks, LLC*,
　No. 3:11-CV-0013, 2011 WL 3205359 (M.D. Tenn. July 27, 2011) ........................................ 4

*Browne v. Avvo, Inc.*
　525 F. Supp. 2d 1249 (W.D. Wash. 2007) ............................................................................... 2

*Gertz v. Robert Welch, Inc.*,
　418 U.S. 323 (1974) .................................................................................................................. 6

*Greenberg v. Life Ins. Co. of Va.*,
　177 F.3d 507 (6th Cir. 1999) .................................................................................................... 8

*Hammer v. City of Osage Beach*,
　318 F.3d 832 (8th Cir. 2003) .................................................................................................... 7

*Hibdon v. Grabowski*,
　195 S.W.3d 48 (Tenn. Ct. App. 2005) ................................................................................. 5, 8

*Milkovich v. Lorain Journal Co.*,
　497 U.S. 1 (1990) .................................................................................................................. 4, 5

*Online Phone Store v. Better Business Bureau of Metro. N.Y., Inc.*,
　No. 104689/11, 2011 N.Y. Misc. LEXIS 5005 (N.Y. Sup. Ct., Oct. 24, 2011) ....................... 5

*Stilts v. Globe Int'l, Inc.*,
　950 F. Supp. 220 (M.D. Tenn. 1995), *aff'd*, 91 F.3d 144 (6th Cir. 1996) ............................... 8

*Themed Restaurants, Inc. v. Zagat Survey, LLC*,
　4 Misc.3d 974 (N.Y. Sup. Ct. 2004), *aff'd*, 21 A.D.3d 826 (App. Div. 1st Dep't 2005) ...... 3, 4

*Weiner v. Klais & Co., Inc.*,
　108 F.3d 86 (6th Cir. 1997) ...................................................................................................... 8

STATUTES

Fed.R.Civ.P. 12(b)(6) ................................................................................................................ 1, 4

Federal Rule of Evidence 702 ....................................................................................................... 4

47 U.S.C. § 230 .............................................................................................................................. 6

Defendant TripAdvisor, LLC ("TripAdvisor"), respectfully submits this reply memorandum of law in further support of its motion to dismiss the Complaint of plaintiff Kenneth M. Seaton d/b/a Grand Resort Hotel and Convention Center ("Seaton" or "Plaintiff") for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

TripAdvisor demonstrated in its moving brief that Plaintiff's defamation claim[1] must be dismissed because the statement that Plaintiff's Hotel[2] was the 2011 "Dirtiest Hotel" in the United States is – as a matter of law – a non-actionable statement of opinion, protected by the United States and Tennessee constitutions. Plaintiff does all he can to avoid and divert the Court's attention from this sole, dispositive issue. Most tellingly, he does not even attempt to address any of the numerous state and federal cases cited by TripAdvisor, which hold that statements made in reviews and ratings, like TripAdvisor's "Dirtiest Hotels" list, are opinions. Instead, he conflates the elements of a defamation claim in an apparent attempt to distract the Court from the opinion issue.

Specifically, Seaton repeatedly addresses whether the "Dirtiest Hotels" list is *defamatory* and whether TripAdvisor published the list with *actual malice*, independent elements of the defamation tort which are not at issue on this motion. Equally off point is the untimely and improper "expert" affidavit submitted by Plaintiff, attacking TripAdvisor's procedures and methodologies. Whether a statement is one of opinion or fact is a pure question of law for the

---

[1] While the Complaint failed to specify a cause of action, Plaintiff's opposition brief confirms that his claim is for defamation. *See, e.g.,* Plaintiff's Response to Defendant's Motion to Dismiss, filed March 31, 2012 (Doc. 15) ("Opp. Br."), at 1 (asserting that "TripAdvisor is liable for the defamation alleged").

[2] Capitalized terms used herein are as defined in TripAdvisor's Memorandum of Law in Support of Its Motion to Dismiss the Complaint, filed January 6, 2012 (Doc. 8) ("Moving Br.").

1

Court to determine; the Court need only examine the statement that Plaintiff challenges and the pleadings to decide this issue. The extraneous materials improperly submitted by Plaintiff are a transparent attempt to misdirect the Court from the inevitable conclusion that the "Dirtiest Hotels" list amounts to inherently subjective opinion. Plaintiff does not, because he cannot, explain how one could even prove the truth or falsity of this opinion. The Complaint should be dismissed.

## ARGUMENT

## I.

### THE "DIRTIEST HOTEL" STATEMENT IS FULLY PROTECTED, NON-ACTIONABLE OPINION

**A.  Ratings Like the "Dirtiest Hotels" List Are Inherently Subjective Opinions that Cannot Be Proven True Or False**

Plaintiff's defamation claim challenges only one statement made by TripAdvisor: that TripAdvisor "published a survey which concluded that the Plaintiff . . . was the dirtiest hotel in America." Cplt., ¶ 7. In its Moving Brief, TripAdvisor cited numerous state and federal cases from around the country in which defamation claims arising out of similar reviews or ratings were dismissed on the ground that the challenged statements were non-actionable opinion. *See* Moving Br., at 9-16. This is because "[r]atings and reviews are, by their very nature, subjective and debatable." *Browne v. Avvo, Inc.*, 525 F. Supp. 2d 1249, 1252 n.1 (W.D. Wash. 2007). Indeed, even when ratings and reviews are derived from objective considerations but are ultimately subjective evaluations – such as credit ratings, judicial performance evaluations or airline safety ratings – they are protected opinion. Moving Br., at 11-12. Finally, subjective expressions of consumer dissatisfaction – including assessments that reflect the *collective* subjective judgments of consumers, like Zagat's restaurant ratings – are not subject to objective

2

verification, and are also deemed opinions. *Id.* at 12-16. In opposition, Plaintiff conspicuously ignores this controlling authority, failing to address a single one of these cases.

Particularly instructive is *Themed Restaurants, Inc. v. Zagat Survey, LLC*, 4 Misc.3d 974, (N.Y. Sup. Ct. 2004), *aff'd*, 21 A.D.3d 826 (App. Div. 1st Dep't 2005). There, as here, the publisher of the challenged rating aggregated user reviews of the plaintiff's establishment (a restaurant in that case) to arrive at negative numerical ratings and an unflattering review of the plaintiff's restaurant. *Id.* at 975. The trial court held that both the ratings and the review were non-actionable opinion, in part because the underlying customer surveys and polls – like TripAdvisor's user reviews – "are a traditional way to assess opinion." *See id.* at 977, 980. In other words, because it is based on user reviews, the "Dirtiest Hotels" list, like the Zagat rating, is an *inherent* expression of opinion. Accordingly, in *Themed Restaurants,* the appeals court affirmed, holding that "[t]he allegedly libelous statements can only be construed as statements of opinion and thus are constitutionally protected." 21 A.D.3d at 827.

Here, TripAdvisor explicitly discloses that the rating is based on an aggregation of subjective user reviews, and Plaintiff himself affirmatively concedes that he "takes no issue with TripAdvisor allowing users to post individual reviews." Opp. Br., at 9. As Plaintiff points out, the Court can draw on its common sense and judicial experience in determining whether this amounts to an opinion. Opp. Br., at 4. Both lead to the conclusion that "the words and ratings at issue reflect the collected subjective judgments of individual consumers, which a reasonable reader would conclude . . . is an opinion of each consumer and worthy of constitutional

3

protection, rather than a statement of fact." *Themed Restaurants,* 4 Misc.3d at 980 (internal quotation marks omitted).[3]

This question – whether the utterance at issue is opinion or fact – may be (and routinely is) decided as a matter of law. Indeed, both the rigorous Rule 12(b)(6) standard articulated in the *Twombly* and *Iqbal* cases and the Supreme Court precedent establishing a strong preference for the early disposition of cases implicating the freedom of speech counsel in favor of early disposition where, as here, the court's review of the publication at issue may be dispositive.

**B.   Plaintiff's Cases Miss the Mark**

By contrast, the cases that Plaintiff relies on most heavily to refute TripAdvisor's Motion to Dismiss are plainly inapposite. Some, for instance, are distinguishable on their facts. In *Battle v. A&E Television Networks, LLC*, No. 3:11-CV-0013, 2011 WL 3205359 (M.D. Tenn. July 27, 2011), which is cited by Plaintiff as rejecting an opinion defense where the statement of opinion "impl[ies] an assertion of objective fact" (Opp. Br., at 10), the plaintiff was challenging statements that she was smuggling drugs into prison to her inmate husband. Whether the plaintiff had indeed smuggled drugs into the prison obviously could be proven true or false, so it is not surprising that the defendants' opinion defense was rejected. Similarly, the example of an unprotected "opinion" provided by the Supreme Court in *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18-19 (1990), and cited by the *Battle* court and by Plaintiff (*see* Opp. Br., at 10), merely instructs that a defendant cannot disguise a statement of fact by "couching" it in terms of

---

[3] Plaintiff suggests, without supporting authority, that if a reviewer presents its evaluations as trusted and reliable, it converts them from subjective opinions to objective factual statements (Opp. Br., at 5, 7). No matter how trusted opinions they are, however, they are still opinions. For example, Federal Rule of Evidence 702 permits experts with sufficient knowledge and training to opine in order to assist the court; consumers might look to *Consumer Reports* before buying an appliance; or a patient might seek a second opinion before undergoing an invasive surgery. In each case, the decision-maker is seeking a trusted, reliable opinion in order to assist in rendering a decision, just as TripAdvisor's users do when they consult its site.

4

DWT 19459589v5 0094890-000001
Case 3:11-cv-00549   Document 19   Filed 05/14/12   Page 7 of 14 PageID #: 227

opinion. The Supreme Court stated that the statements "Jones is a liar" and "In my opinion Jones is a liar" are in effect the same statement. *See Milkovich*, 497 U.S. at 18-19. Either way, unlike the "Dirtiest Hotels" list which is inherently subjective, whether someone is a liar can be proven true or false and is therefore properly characterized as an assertion of fact.

Other cases on which Seaton relies are simply off point. For example, in *Hibdon v. Grabowski*, 195 S.W.3d 48 (Tenn. Ct. App. 2005) (*see* Opp. Br., at 15-17), the opinion issue was not even before the court. In that case, the appellate court reversed the trial court's grant of summary judgment for the defendants on *actual malice* grounds. *Id.* at 56. But neither the trial nor appellate court addressed the defendants' opinion defense. And in *Online Phone Store v. Better Business Bureau of Metro. N.Y., Inc.*, No. 104689/11, 2011 N.Y. Misc. LEXIS 5005 (N.Y. Sup. Ct., Oct. 24, 2011) (*see* Opp. Br., at 17-18 and Ex. C), the relevant portion of the decision related to the defendant's attempt to invoke the common law "fair comment privilege," which requires a plaintiff to allege that a statement was made with actual malice. 2011 N.Y. Misc. LEXIS 5005, at *5. Here, TripAdvisor has not raised the fair comment privilege. Moreover, the *Online Phone Store* court never discussed whether the challenged statement was fact or opinion, or whether the issue was even raised as a ground for dismissal. *See id.*

## II.

### PLAINTIFF'S DIVERSIONARY TACTICS ARE IRRELEVANT TO THE OPINION ANALYSIS

Unable to meaningfully oppose TripAdvisor's motion, Plaintiff instead attempts to misdirect the Court with a series of diversionary arguments that are irrelevant to TripAdvisor's motion.
5

## A. Whether the "Dirtiest Hotel" List is Defamatory is Irrelevant to the Opinion Analysis

Most egregiously, Plaintiff argues throughout his opposition brief that the "Dirtiest Hotels" list is an actionable assertion of fact simply because it is *defamatory*. *See* Opp. Br., at 11 ("[E]ven assuming arguendo that the 'Dirtiest Hotels' list is TripAdvisor's opinion, it is still capable of being interpreted as defamatory, and thus actionable. . . ."); Opp. Br., at 12 (The issue on this motion is "whether the ['Dirtiest Hotels'] statement . . . could reasonably be considered as an assertion of fact. The Plaintiff submits that . . . the '2011 Dirtiest Hotels' list clearly capable of having a defamatory meaning and can be understood by a reasonable person as defamatory."); Opp. Br., at 13 ("The '2011 Dirtiest Hotels' list could reasonably be interpreted as making false assertions of fact, and thus is capable of being defamatory."); Opp. Br., at 18 ("[I]f the statement at issue is capable of being understood as defamatory, i.e., whether a reasonable fact-finder could interpret it as containing false assertions of fact, then a court must deny a motion to dismiss.")

However, this argument conflates two entirely distinct and independent elements of a defamation claim – whether a statement is defamatory and whether it is fact or opinion. A statement of opinion, even if defamatory, is still fully-protected and therefore not actionable. *See, e.g., Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339-340 (1974) ("however pernicious an opinion may seem, we depend on its correction not on the conscience of judges and juries, but on the competition of other ideas").[4]

---

[4] Similarly, Plaintiff dedicates part of his opposition to arguing against TripAdvisor's immunity under Section 230 of the Communications Decency Act, 47 U.S.C. § 230. *See* Opp. Br., at 9. TripAdvisor expressly stated in its Moving Brief that it was *not* raising Section 230 immunity as a ground for dismissal on this motion to dismiss. *See* Moving Br., at 2, n.2.

## B. Whether a Statement is Fact or Opinion is a Question of Law for the Court to Determine on a Motion to Dismiss

Plaintiff urges the Court to deny TripAdvisor's motion so that it can "determine whether the facts underlying the 'opinion' are incorrect, incomplete, and/or erroneous." *See* Opp. Br., at 11. First, as discussed above, the "Dirtiest Hotels" list is based on TripAdvisor users' reviews, *i.e.*, on users' subjective opinions. Plaintiff ignores that the determination of "[w]hether a purportedly defamatory statement is a protected opinion or an actionable assertion of fact is a *question of law for the court*." *Hammer v. City of Osage Beach*, 318 F.3d 832, 842 (8th Cir. 2003) (emphasis added). *See also* Moving Br., at 9 (citing cases stating the same). Accordingly, courts routinely dismiss defamation claims brought by disgruntled recipients of bad reviews, like Plaintiff. *See* Moving Br., at 9-12 (citing cases). Nor does Plaintiff dispute the courts' strong preference for early disposition of cases implicating freedom of speech, including libel cases like this one. *See* Moving Br., at 6-7.

The Court need only examine the challenged statement itself. No further outside materials are necessary, or relevant, to the Court's determination of the opinion issue on TripAdvisor's motion to dismiss.

## C. The Website Printout and Press Release are Appropriately Considered on a Motion to Dismiss Without Converting the Motion to Summary Judgment

Next, Plaintiff disingenuously asserts that TripAdvisor "is asking the Court to consider many underlying details surrounding objectivity and verifiability," and, therefore, the court should convert the motion to one for summary judgment. Opp. Br., at 19. All TripAdvisor has done is submit the "Dirtiest Hotels" posting from its website – the iteration of the "Dirtiest Hotels" post to which the Complaint appears to refer (¶ 9) – so that the Court could view the "Dirtiest Hotels" list as it was published. There is no question that a document containing the statement that is the subject of a libel claim is appropriately considered on a pre-answer motion

7

DWT 19459589v5 0094890-000001
Case 3:11-cv-00549 Document 19 Filed 05/14/12 Page 10 of 14 PageID #: 230

to dismiss, since the document has necessarily been incorporated into the plaintiff's complaint by reference. *See, e.g., Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) ("documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim") (citation and internal quotations omitted). Accordingly, a court may review such documents without converting the motion to one for summary judgment. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). Here, not only is the website printout submitted by TripAdvisor with the challenged statement "central" to Plaintiff's claim, it constitutes the very basis for it.

Likewise, the TripAdvisor press release in which the publication of the "Dirtiest Hotels" list was announced, which Plaintiff concedes is merely another "configuration" of the same list, and which Plaintiff submitted with its opposition papers, may be considered on this motion.[5] *See* Affidavit of Todd A. Shelton, sworn to March 30, 2012 (Doc. 15-1), Ex. 1 (Doc. 15-2).

## D. The Emmins Affidavit is Irrelevant and Improper

Meanwhile, *Plaintiff* – not TripAdvisor – is the party asking the Court to consider extraneous outside materials, by submitting an affidavit attacking TripAdvisor's methodology in

---

[5] Plaintiff asserts that the "Dirtiest Hotels" list is a statement of fact when viewed in the context of the TripAdvisor press release because of the "additional commentary" contained in the press release. *See* Opp. Br., at 7. However, this "additional commentary" only reinforces that the "Dirtiest Hotel" list is opinion: TripAdvisor bills itself as providing the "World's Most Trusted Travel *Advice*," discloses that the "Dirtiest Hotels" list is based on "Traveler Cleanliness Ratings," and otherwise makes use of hyperbolic, rhetorical flourishes that further indicate that an opinion is being conveyed. *See* Doc. 15-2. *See, e.g., Stilts v. Globe Int'l, Inc.*, 950 F. Supp. 220, 223 (M.D. Tenn. 1995), *aff'd*, 91 F.3d 144 (6th Cir. 1996) ("statements utilizing words in a loose, figurative manner or as imaginative expression, such as 'rhetorical hyperbole,' are not properly subject to a defamation action") (quoting *Milkovich*, 497 U.S. at 17); *Hibdon*, 195 S.W.3d at 63 ("statements that cannot 'reasonably [be] interpreted as stating actual facts about an individual' because they are expressed in 'loose, figurative, or hyperbolic language,' and/or the content and tenor of the statements 'negate the impression that the author is maintaining an assertion of actual fact' about the plaintiff are not provably false and, as such, will not provide a legal basis for defamation.") (quoting *Milkovich*, 497 U.S. at 17, 21).

creating the "Dirtiest Hotels" list. *See* Affidavit of Christopher Emmins, sworn to March 30, 2012 (Doc. 15-3) (the "Emmins Affidavit"). Unlike the website printout and press release that contain the "Dirtiest Hotels" list as published by TripAdvisor, the Emmins Affidavit is *not* incorporated by reference in the Complaint. It contains the views of an English businessman who claims no first-hand knowledge about the list; he is in fact the provider of an "online defamation service" which helps businesses challenge "unfair" reviews (Emmins Affidavit, ¶ 2) and which has repeatedly represented clients adverse to TripAdvisor (*id.*, ¶ 4). This testimony is plainly irrelevant and would be ripe for a *Daubert* reliability challenge if extraneous testimony were at all appropriate on this motion.

Nonetheless, in reliance on the Emmins Affidavit, Plaintiff insists that "genuine issues of material fact exist to show that [the 'Dirtiest Hotels' list] could be understood as defamatory by a reasonable person." Opp. Br., at 18-20. As discussed above, whether the list is defamatory is *not* before the Court on the instant motion to dismiss.[6] The *only* issue before the Court on TripAdvisor's motion to dismiss is whether the challenged "Dirtiest Hotels" list constitutes non-actionable opinion. The Emmins Affidavit is irrelevant to this issue and should be disregarded.[7]

Plaintiff's submission of the Emmins Affidavit and request for conversion of TripAdvisor's motion to summary judgment is an attempt to save his fatally defective defamation claim. TripAdvisor's opinion that the Hotel was the 2011 "Dirtiest Hotel" is not actionable and is fully protected *as a matter of law*. Plaintiff's disagreement with this opinion cannot render it otherwise.

---

[6] In any event, that the Emmins Affidavit "ultimately concludes that TripAdvisor's methodology in composing the 'Dirtiest Hotels' list is clearly flawed" is not even relevant to whether the list is defamatory, let alone to whether the list constitutes opinion.

[7] *See also* TripAdvisor's contemporaneously filed Motion to Strike or Disregard the Emmins Affidavit.

9

## CONCLUSION

Plaintiff does not, and cannot, credibly dispute that TripAdvisor's "Dirtiest Hotels" list is inherently subjective opinion which is fully protected and not actionable. Plaintiff's defamation claim fails as a matter of law. For these reasons, TripAdvisor respectfully submits that its motion to dismiss the Complaint should be granted.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
By: s/S. Russell Headrick
    S. Russell Headrick (BPR No. 005750)
    Meghan H. Morgan (BPR No. 024619)

265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
(865) 549-7200 (direct phone)
(865) 525-8569 (direct fax)
E-mail:rheadrick@bakerdonelson.com
          mhmorgan@bakerdonelson.com

*Attorneys for TripAdvisor, LLC*

*Of Counsel:*
James Rosenfeld (admitted *pro hac vice*)
jamesrosenfeld@dwt.com
Samuel M. Bayard (admitted *pro hac vice*)
samuelbayard@dwt.com
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, New York 10019

11

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2012, a true and correct copy of the foregoing documents was electronically filed with the United States District Court for the Eastern District of Tennessee, and was served on all counsel by the court's electronic filing notification or via email.

                       s/S. Russell Headrick
                       S. Russell Headrick

DWT 19459589v5 0094890-000001
Case 3:11-cv-00549   Document 19   Filed 05/14/12   Page 14 of 14   PageID #: 234