IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

---

KENNETH M. SEATON d/b/a
GRAND RESORT HOTEL AND
CONVENTION CENTER,

        Plaintiff,

- against -

TRIPADVISOR, LLC,

        Defendant.

3:11-cv-00549

---

## DEFENDANT TRIPADVISOR, LLC'S MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

S. Russell Headrick
Meghan H. Morgan
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919

James Rosenfeld
Samuel Bayard
DAVIS WRIGHT TREMAINE, LLP
1633 Broadway, 27th Floor
New York, New York 10019

*Attorneys for TripAdvisor, LLC*

# TABLE OF CONTENTS

| | Page |
|---|---:|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 2 |
|     I.   THE "DIRTIEST HOTEL" STATEMENT REMAINS FULLY PROTECTED, NON-ACTIONABLE OPINION | 3 |
|     II.  PLAINTIFF MAY NOT CIRCUMVENT THE FIRST AMENDMENT BY PLEADING ADDITIONAL TORT CLAIMS BASED ON THE SAME SET OF FACTS | 3 |
|     III. THE PROPOSED ADDITIONAL TORT CLAIMS ARE INDEPENDENTLY FUTILE | 6 |
|         A.  Plaintiff Cannot Recover in False Light for Alleged Damage to His Business | 6 |
|         B.  The Vague Allegations of Third-Party Business Relationships and Intent to Interfere Are Insufficient to State a Claim for Tortious Interference | 6 |
|         C.  Failure to Adequately Allege Special Damages Renders the Injurious Falsehood Claim Futile | 8 |
|     IV. THE PROPOSED AMENDED COMPLAINT'S VICAROUS LIABILITY CLAIM IS FUTILE | 9 |
| CONCLUSION | 12 |

# TABLE OF AUTHORITIES

Page(s)

CASES

*American Indemnity Co. v. Southern Missionary Col.,*
   260 S.W.2d 269 (1953) ............................................................................................... 9

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................................................ 7, 8

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) .................................................................................................... 8

*Boladian v. UMG Recordings, Inc.,*
   123 Fed. Appx. 165 (6th Cir. 2005) ........................................................................... 4

*Campbell v. BNSF Railway Co.,*
   600 F.3d 667 (6th Cir. 2010) .................................................................................. 2, 5

*ComputerXpress, Inc. v. Jackson,*
   93 Cal. App. 4th 993, 113 Cal. Rptr. 2d 625 (Cal. Ct. App. 2001) ............................ 5

*Compuware Corp. v. Moody's Inv. Servs., Inc.,*
   499 F.3d 520 (6th Cir. 2007) ...................................................................................... 4

*Continental Bankers Life, Etc. v. Bank of Alamo, Tenn.,*
   578 S.W.2d 625 (Tenn. 1979) ............................................................................... 9, 10

*Courie v. Alcoa Wheel & Forged Prods.,*
   577 F.3d 625 (6th Cir. 2009) .................................................................................. 2, 5

*Deupree v. Iliff,*
   860 F.2d 300 (8th Cir. 1988) ...................................................................................... 4

*Elec. Power Bd. v. St. Joseph Valley Struct.,*
   691 S.W.2d 522 (Tenn. 1985) ..................................................................................... 9

*Fidelity Trust Co. v. Service Laundry Co.,*
   22 S.W.2d 6 (1929) ..................................................................................................... 9

*Films of Distinction, Inc. v. Allegro Film Productions, Inc.,*
   12 F. Supp. 2d 1068 (C.D. Cal. 1998) ....................................................................... 5

*Gallagher v. E.W. Scripps Co.,*
   No. 08-2153, 2009 WL 1505649 (W.D. Tenn. May 28, 2009) .................................. 5

*Hustler v. Falwell*,
    485 U.S. 46 (1988) ..................................................................................................... 4

*Ireland v. Edwards*,
    584 N.W.2d 632 (Mich. App. 1998) .......................................................................... 5

*Jefferson County School Dist. No. R-1 v. Moodys Investor Servs., Inc.*,
    175 F.3d 848 (10th Cir. 1999) .................................................................................... 4

*Kottmyer v. Maas*,
    436 F.3d 684 (6th Cir. 2006) .................................................................................. 2, 5

*Midkiff v. Adams Co. Regional Water Dist.*,
    409 F.3d 758 (6th Cir. 2005) ..................................................................................... 2

*Neese v. Fireman's Fund Ins. Co.*,
    386 S.W.2d 918 (1964) .............................................................................................. 9

*Nichols v. Moore*,
    396 F. Supp. 2d 783 (E.D. Mich. 2005), *aff'd*, 477 F.3d 396 (6th Cir. 2007) ........... 5

*Overnite Transp. Co. v. Teamsters Local Union No. 480*,
    2004 WL 383313 (Tenn. Ct. App. Feb. 27, 2004) ..................................................... 7

*Personal Computer Sys., Inc. v. Central Knox, Inc.*,
    No. 3:11-CV-374, 2012 WL 1108245 (E.D. Tenn. Mar. 30, 2012) ........................... 2

*Presidio Enter., Inc. v. Warner Bros. Distrib. Corp.*,
    784 F.2d 674 (5th Cir. 1986) ..................................................................................... 5

*Redco Corp. v. CBS, Inc.*,
    758 F.2d 970 (3d Cir. 1985) ...................................................................................... 5

*Rinsley v. Brandt*,
    700 F.2d 1304 (10th Cir. 1983) ................................................................................. 5

*S.E. Tex. Inns, Inc. v. Prime Hospitality Corp.*,
    462 F.3d 666 (6th Cir. 2006) ........................................................................... 9, 10, 11

*Shamblin v. Martinez*,
    No. M 2010-00974-COA-R3CV, 2011 WL 1420896 (Tenn. Ct. App. Apr. 13, 2011) ............. 5

*Themed Restaurants, Inc. v. Zagat Survey, LLC*,
    21 A.D.3d 826 (2005) ................................................................................................ 5

*Trau-Med of America, Inc. v. Allstate Ins. Co.*,
    71 S.W.3d 691 (Tenn. 2002) ................................................................................... 6, 7

DWT 19471214v5 0094890-000001
Case 3:11-cv-00549   Document 20   Filed 05/14/12   Page 4 of 18   PageID #: 238

*United States v. Carrell*,
    681 F. Supp. 2d 874 (M.D. Tenn. 2009) .................................................................................11

*Wagner v. Fleming*,
    139 S.W.3d 295 (Tenn. Ct. App. 2004) ...................................................................................8

*West v. Media Gen. Convergence, Inc.*,
    53 S.W.3d 640 (Tenn. 2001) ....................................................................................................6

**STATUTES**

Fed. R. Civ. P. 9(b) ..................................................................................................................10, 11

Fed. R. Civ. P. (15)(a)(2) ................................................................................................................1

**OTHER AUTHORITIES**

*Restatement (Second) of Torts* §§ 623A, 633 ................................................................................8

Defendant TripAdvisor, LLC ("TripAdvisor"), respectfully submits this memorandum of law in opposition to the motion of plaintiff Kenneth M. Seaton d/b/a Grand Resort Hotel and Convention Center ("Seaton" or "Plaintiff") to amend the Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2), filed March 31, 2012 (Doc. 16).

## PRELIMINARY STATEMENT

Plaintiff's Complaint alleges a single claim (for defamation) against a single party (TripAdvisor), arising out of TripAdvisor's publication of a list of the "dirtiest" hotels in the United States for 2011, which was based on user reviews submitted by TripAdvisor's online community. Faced with TripAdvisor's motion to dismiss the defamation claim on the ground that the "Dirtiest Hotels" list is non-actionable opinion fully protected by the United States and Tennessee constitutions, Plaintiff now seeks to amend the Complaint. The proposed amended complaint purports to augment the factual allegations underlying the defamation claim and seeks to allege additional state law claims also arising from the publication of the "Dirtiest Hotels" list. In addition, under a vicarious liability theory, Plaintiff seeks to name as additional defendants two TripAdvisor parent companies that were disclosed in TripAdvisor's supplemental corporate disclosure statement. All of these proposed amendments, however, are futile; the motion to amend should be denied.

There are no factual allegations that could alter the Court's analysis of the issue raised by TripAdvisor's pending motion to dismiss – whether the "Dirtiest Hotels" list is, as a matter of law, fully protected, non-actionable opinion. The Court should resolve this question of law by examining the "Dirtiest Hotels" list in the context in which it was published. Since the Court has before it all it needs to decide the issue, the allegations underpinning the proposed amended defamation claim are irrelevant to the opinion analysis.

1
DWT 19471214v5 0094890-000001
Case 3:11-cv-00549   Document 20   Filed 05/14/12   Page 6 of 18   PageID #: 240

Further, settled United States Supreme Court precedent prohibits a plaintiff from circumventing the First Amendment's free speech protections by recasting a defamation claim as a different tort where the cause of action arises out of a defendant's publication. Because Plaintiff's defamation claim fails on the opinion issue and the proposed additional state law claims arising out of the same publication merely recast the defamation claim in different forms, these additional claims must also fail.

Finally, Plaintiff's proposed amended complaint comes nowhere near alleging sufficient facts to state a claim under Tennessee's demanding standard for holding a parent company liable for the conduct of a subsidiary, as Plaintiff seeks to do here. Plaintiff's "vicarious liability" claim is therefore futile as well.

## ARGUMENT

While motions for leave to amend a complaint are generally liberally granted, they should be denied as futile "'if the court concludes that the pleading as amended cannot withstand a motion to dismiss.'" *Personal Computer Sys., Inc. v. Central Knox, Inc.*, No. 3:11-CV-374, 2012 WL 1108245, at *2 (E.D. Tenn. Mar. 30, 2012) (quoting *Midkiff v. Adams Co. Regional Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005)). As discussed below in detail, Plaintiff's proposed amendments "cannot withstand a motion to dismiss." The motion to amend the Complaint should be denied. *See, e.g., Campbell v. BNSF Railway Co.*, 600 F.3d 667, 677 (6th Cir. 2010) (affirming denial of motion for leave to amend on futility grounds); *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009) (same); *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) (same).

2

# I.

## THE "DIRTIEST HOTEL" STATEMENT REMAINS FULLY PROTECTED, NON-ACTIONABLE OPINION

Plaintiff asserts in his motion to amend that, "[t]he purpose of the Amended Complaint[1] is to expound upon and add additional specificity to the Plaintiff's claims for relief already included in the Plaintiff's original Complaint...." Doc. 16, at 1. The original Complaint, however, asserts only one claim, for defamation – the subject of TripAdvisor's pending motion to dismiss on opinion grounds. *See* Docs. 7-8. As explained in TripAdvisor's motion to dismiss, the issue of whether a statement constitutes non-actionable opinion or is an assertion of verifiable fact is appropriately determined by the Court as a matter of law on a motion to dismiss under Rule 12(b)(6). Doc. 8, at 6-7. Other than the challenged language itself, which is currently before the Court on the motion to dismiss, Plaintiff's "additional specificity" and attempts to "expound upon" the allegations surrounding a defamation claim – while potentially relevant to other elements of a defamation claim – are wholly irrelevant to the opinion analysis. Thus, the proposed amended defamation claim is futile because it does not, and cannot, alter the dispositive conclusion that TripAdvisor's "Dirtiest Hotels" list is opinion.

# II.

## PLAINTIFF MAY NOT CIRCUMVENT THE FIRST AMENDMENT BY PLEADING ADDITIONAL TORT CLAIMS BASED ON THE SAME SET OF FACTS

In addition to a proposed amended defamation claim, the proposed amended complaint contains common law tort claims of false light (Am. Cplt., ¶¶ 20-23), tortious interference with prospective business relationships (Am. Cplt., ¶¶ 24-29), and trade libel/injurious falsehood (Am. Cplt., ¶¶ 30-32). Plaintiff admits that these additional claims are "based upon, and aris[e]

---

[1] The proposed amended complaint ("Am. Cplt.") was filed as Doc. 16-1.

out of, the same facts and conduct providing the basis for the Plaintiff's original Complaint...."
Doc. 16, at 1; *see also* Am. Cplt., ¶¶ 9, 11-13, 17-18, 21-22, 28-29 (alleging non-defamation tort claims based on the "Dirtiest Hotel" list). As such, these proposed additional claims are nothing more than impermissible attempts to evade the constitutional bar against imposing liability for statements of opinion, regardless of the name of the cause of action. Indeed, First Amendment protections are not peculiar to defamation actions, and a plaintiff "may not skirt the requirements of defamation law by pleading another, related cause of action." *Boladian v. UMG Recordings, Inc.*, 123 Fed. Appx. 165, 169 (6th Cir. 2005) (rejecting unjust enrichment claim "derivative of" defamation claim) (citing *Hustler v. Falwell*, 485 U.S. 46 (1988)); *see also Compuware Corp. v. Moody's Inv. Servs., Inc.*, 499 F.3d 520, 529 (6th Cir. 2007) (plaintiff may not "use a state-law claim 'to avoid the strict requirements for establishing a libel or defamation claim'") (quoting *Falwell*, 485 U.S. at 671).

In *Hustler v. Falwell*, the Supreme Court held that the First Amendment barred not only the Reverend Jerry Falwell's defamation claim arising from a satirical feature in *Hustler* magazine, which a jury found could not "reasonably be understood as describing actual facts" about the plaintiff, but also his intentional infliction of emotional distress claim arising from the same publication. 485 U.S. at 49, 54-57. Even if the defendant's conduct could be considered "outrageous," the emotional distress claim was barred by the First Amendment. *See id.* at 57. Following the Supreme Court's lead, courts nationwide have found that where the targeted speech constitutes protected opinion, plaintiffs may not raise other tort claims arising from the same facts, including trade libel, false light and tortious interference. *See, e.g., Jefferson County School Dist. No. R-1 v. Moodys Investor Servs., Inc.*, 175 F.3d 848, 856-57 (10th Cir. 1999) (intentional interference with contractual and business relations and antitrust); *Deupree v. Iliff,*

860 F.2d 300, 304 (8th Cir. 1988) (intentional infliction of emotional distress); *Presidio Enter., Inc. v. Warner Bros. Distrib. Corp.*, 784 F.2d 674, 685 (5th Cir. 1986) (state consumer protection statute); *Redco Corp. v. CBS, Inc.*, 758 F.2d 970, 973 (3d Cir. 1985) (interference with contractual relations); *Rinsley v. Brandt*, 700 F.2d 1304, 1309-10 (10th Cir. 1983) (false light); *Films of Distinction, Inc. v. Allegro Film Productions, Inc.*, 12 F. Supp. 2d 1068, 1082 (C.D. Cal. 1998) (trade libel, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage); *Nichols v. Moore*, 396 F. Supp. 2d 783, 798 (E.D. Mich. 2005) (false light and intentional infliction of emotional distress), *aff'd*, 477 F.3d 396 (6th Cir. 2007); *Themed Restaurants, Inc. v. Zagat Survey, LLC*, 21 A.D.3d 826, 826-27 (2005) (negligence and trade libel); *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1100-14, 113 Cal. Rptr. 2d 625, 641-44 (Cal. Ct. App. 2001) (trade libel and tortious interference with economic advantage); *Ireland v. Edwards*, 584 N.W.2d 632, 640-41 (Mich. App. 1998) (intentional infliction of emotional distress and false light). *See also Shamblin v. Martinez*, No. M 2010-00974-COA-R3CV, 2011 WL 1420896, at * 6 (Tenn. Ct. App. Apr. 13, 2011) (non-actionable statements of opinion did not support defamation or false light claim); *Gallagher v. E.W. Scripps Co.*, No. 08-2153, 2009 WL 1505649, at *13 (W.D. Tenn. May 28, 2009) (same). In short, the First Amendment protects statements of opinion, no matter the claim.

In this lawsuit, because Plaintiff has targeted TripAdvisor's protected opinion and every single one of the proposed additional tort claims is "based upon, and aris[es] out of, the same facts and conduct providing the basis for the Plaintiff's original Complaint" (Doc. 16, at 1), those proposed new claims are futile and are insufficient as the basis of a motion to amend. *See, e.g., Campbell*, 600 F.3d at 677 (affirming denial of motion to amend on futility grounds); *Courie*, 577 F.3d at 633 (same); *Kottmyer*, 436 F.3d at 692 (same).

# III.

# THE PROPOSED ADDITIONAL TORT CLAIMS ARE ALSO DEFICIENT IN THEIR OWN RIGHT

Moreover, each of the additional common law tort claims (false light, tortious interference with prospective business relations and injurious falsehood) could not withstand a motion to dismiss for the independent reasons set forth below.

## A. Plaintiff Cannot Recover in False Light for Alleged Damage to His Business

The Tennessee Supreme Court has held that a false light claim is a claim for invasion of personal privacy and, as such, it "cannot attach to corporations and other business entities." *West v. Media Gen. Convergence, Inc.*, 53 S.W.3d 640, 648 (Tenn. 2001). Plaintiff therefore cannot base a false light claim on the alleged harm to his *business* arising from the publication of TripAdvisor's 2011 "Dirtiest Hotel" in the United States. And Plaintiff cannot plausibly allege independent personal harm because TripAdvisor's publication of its "Dirtiest *Hotels*" list concerned the business entity that is Plaintiff's Hotel and not Plaintiff in his individual capacity. The proposed false light claim is futile.

## B. The Vague Allegations of Third-Party Business Relationships and Intent to Interfere Are Insufficient to State a Claim for Tortious Interference

To state a claim for tortious interference with prospective business relationships, a plaintiff must allege: an existing business relationship with specific third parties; defendant's knowledge of that relationship (and not mere awareness of the plaintiff's general business dealings with others); defendant's intent to interfere with the business relationship; defendant's improper motive or means; and resulting damages. *Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 701 (Tenn. 2002). Here, the proposed amended complaint fails to state a tortious interference claim on multiple grounds.

6

DWT 19471214v5 0094890-000001

Case 3:11-cv-00549   Document 20   Filed 05/14/12   Page 11 of 18   PageID #: 245

First, the allegations of generalized, existing relationships with "individuals, groups, or companies who vacation or travel to the area frequently" and prospective relationships with "travelers to the area" (Am. Cplt., ¶ 26), are plainly insufficient to satisfy the pleading requirement that the plaintiff identify *specific* existing or prospective business relationships with third parties. *See Overnite Transp. Co. v. Teamsters Local Union No. 480*, 2004 WL 383313, at *13 (Tenn. Ct. App. Feb. 27, 2004) (dismissing tortious interference claim with respect to existing business relationships when complaint did not identify specific third parties and only referred to general categories of persons).

Further, the proposed amended complaint necessarily fails to allege TripAdvisor's knowledge of those unspecified business relationships. Moreover, the allegation that TripAdvisor "was fully cognizant of the on-going business relationships that the Plaintiff enjoyed as well the prospective business relationships reasonably anticipated [at Plaintiff's Hotel]" (Am. Cplt., ¶ 27), is precisely the type of conclusory allegation that fails to meet the post-*Twombly* and *Iqbal* pleading standards and in any event alleges only "mere awareness of the plaintiff's general business dealings with others" that is inadequate to satisfy the knowledge element, as stated by the Tennessee Supreme Court. *See Trau-Med*, 71 S.W.3d at 701.

Finally, Plaintiff cannot and does not allege that TripAdvisor intended to interfere with any business relationship of Plaintiff. He merely alleges the "creation and publication of the '2011 Dirtiest Hotels' list," and nothing more. *See* Am. Cplt., ¶ 28. Neither the list, on its face, nor any other allegations in the Complaint, establishes the requisite intentional effort by TripAdvisor to target and interfere with Plaintiff's existing or prospective business relationships. The list merely states TripAdvisor's opinions about this hotel and a host of others, and Plaintiff's allegations of intent are wholly conclusory.

7

DWT 19471214v5 0094890-000001
Case 3:11-cv-00549 Document 20 Filed 05/14/12 Page 12 of 18 PageID #: 246

For all of these reasons, the proposed amended complaint fails to state a claim for tortious interference with prospective business relations, and accordingly that claim is futile.

### C. Failure to Adequately Allege Direct and Immediate Pecuniary Harm Resulting From Publication of the "Dirtiest Hotels" List Renders the Injurious Falsehood Claim Futile

To state a claim for trade libel or injurious falsehood, a plaintiff must plead specific pecuniary losses resulting "directly and immediately" from the alleged falsehood. *See Restatement (Second) of Torts* §§ 623A, 633, *cited in Wagner v. Fleming*, 139 S.W.3d 295, 301-302 (Tenn. Ct. App. 2004) (recognizing injurious falsehood cause of action in Tennessee). Here, Plaintiff's proposed amended complaint alleges only generally and in conclusory fashion that TripAdvisor's alleged "wrongful disparagement" of Plaintiff's Hotel "has caused and will continue to cause damages...." Am. Cplt., ¶ 32. There are no supporting *factual* allegations of itemized, specific pecuniary losses (or even of specific lost customers) whatsoever, much less any allegations of losses having resulted "directly and immediately" from TripAdvisor's publication of the "Dirtiest Hotels" list. For example, the proposed injurious falsehood claim fails to allege a loss in revenues following publication of the list, as compared to revenues prior to publication. Nor are there factual allegations to support that any such losses could be attributed "directly and immediately" to publication of the list, as opposed to other factors, such as a declining economy or unanticipated severe weather.

Plaintiff's proposed injurious falsehood claim is thus insufficient to withstand a motion to dismiss, particularly in light of the standard articulated in *Twombly* and *Iqbal*, because the conclusory damages allegation is a mere "'naked assertion' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Because it fails to specify damages proximately caused by the alleged falsehood, the proposed injurious falsehood claim is futile.

# IV.

# THE PROPOSED AMENDED COMPLAINT'S VICAROUS LIABILITY CLAIM IS FUTILE

It would be equally futile for the Court to permit Plaintiff to amend his Complaint to add a claim of "vicarious liability" against TripAdvisor Holdings, LLC ("TripAdvisor Holdings") and Expedia, Inc. ("Expedia"), two entities that allegedly "own[], operate[], direct[] and control[]" TripAdvisor. *See* Am. Cplt., ¶¶ 33-34. Indeed, this proposed claim is outright frivolous.

Under Tennessee law, it is well-established that a corporation has an existence separate and distinct from that of the owners of its stock. *Elec. Power Bd. v. St. Joseph Valley Struct.*, 691 S.W.2d 522, 526 (Tenn. 1985). The subsidiary may be disregarded as a separate entity only upon the showing of special circumstances such that failure to disregard it would result in an injustice. *Fidelity Trust Co. v. Service Laundry Co.*, 22 S.W.2d 6 (1929); *American Indemnity Co. v. Southern Missionary Col.*, 195 Tenn. 513, 260 S.W.2d 269, (1953); *Neese v. Fireman's Fund Ins. Co.*, 386 S.W.2d 918 (1964). The "principle of piercing the fiction of the corporate veil is to be applied with great caution and not precipitately, since there is a presumption of corporate regularity, and the party wishing to pierce the corporate veil has the burden of presenting facts demonstrating that it is entitled to this equitable relief." *S.E. Tex. Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 675 (6th Cir. 2006).

The authoritative statement of the test for piercing the corporate veil is found in *Continental Bankers Life, Etc. v. Bank of Alamo, Tenn.*, 578 S.W.2d 625, 632 (Tenn. 1979). Under *Continental Bankers*, piercing the corporate veil requires three exceedingly demanding elements:

9

> (1) The parent corporation, at the time of the transaction complained of, exercises complete dominion over its subsidiary, not only of finances, but of policy and business practice in respect to the transaction under attack, so that the corporate entity, as to that transaction, had no separate mind, will or existence of its own.
>
> (2) Such control must have been used to commit fraud or wrong, to perpetuate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of third parties' rights.
>
> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Id.*

Applying this test, the Sixth Circuit has determined that "Tennessee law still requires an element of fraud [or comparable injustice] in order to pierce a corporate veil." *Prime Hospitality*, 462 F.3d at 673-74. The Sixth Circuit has clarified further that the underlying cause of action may not supply the necessary element of fraud or injustice, noting that to hold otherwise "would render the fraud or injustice element meaningless, and would sanction bootstrapping." *Id.* at 674. Rather, "[t]he law requires that fraud or injustice be found in the *defendants' use of the corporate form*." *Id.* (emphasis added). Indeed, "[m]ere dominion and control over the subsidiary will not [alone] support alter ego liability." *Id.* at 677. Absent allegations of such an independent fraud or injustice, a claim that relies on veil-piercing cannot stand. Thus, in *Prime Hospitality*, dismissal of a vicarious liability claim under Rule 12(b)(6) was warranted where the plaintiff failed to allege that the parent company was "involved in an elaborate shell game or [was] otherwise abusing the corporate form to effect a fraud." *Id.* at 679-80 (citations omitted).

Moreover, because fraud is a required element of an action to pierce the corporate veil, Plaintiff's alter ego theory must be pled with particularity. In any complaint alleging fraud or mistake, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed.

R. Civ. P. 9(b). The Sixth Circuit has held that "[w]hen a cause of action seeks to pierce the corporate veil on the basis of fraud, it is subject to Fed. R. Civ. P. 9(b)." *Prime Hospitality*, 462 F.3d at 672 (citations omitted). The proposed amended complaint fails to allege any facts to support Plaintiff's alter ego theory, much less facts pled with particularity.

Here, the proposed amended complaint does not come close to alleging facts to support any of the above required elements, much less that TripAdvisor Holdings or Expedia was "involved in an elaborate shell game" or "otherwise abusing the corporate form to effect a fraud." Nor does it plead fraud with particularity. Rather, Plaintiff merely alleges that these companies "own[], operate[], direct[], and control[]" TripAdvisor, LLC, and somehow are "therefore vicariously liable for the acts and/or omissions of TripAdvisor, LLC, or its agents, representatives, and employees." Am. Cplt., ¶ 34. These conclusory allegations are insufficient to state a claim for vicarious liability against either TripAdvisor Holdings or Expedia. *See United States v. Carrell*, 681 F. Supp. 2d 874, 890 (M.D. Tenn. 2009) ("It is clear under both Tennessee law and federal common law that the [parent] cannot be held liable for the actions of [the subsidiary] merely because it is the owner (or part owner)...."). Plaintiff's vicarious liability claim is therefore utterly futile. Leave to amend the Complaint to add this claim should be denied.

## CONCLUSION

As set forth above, the proposed amended complaint fails to remedy the fatal flaw of its defamation claim, improperly attempts to dress up that claim in the garb of false light, tortious interference and trade libel/injuries falsehood – each of which is deficient in its own right – and fails to allege any adequate basis to hold TripAdvisor's affiliates liable under a corporate veil-piercing theory. TripAdvisor respectfully submits that Plaintiff's motion to amend the Complaint should be denied as futile.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
By: s/S. Russell Headrick
    S. Russell Headrick (BPR No. 005750)
    Meghan H. Morgan (BPR No. 024619)

265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
(865) 549-7200 (direct phone)
(865) 525-8569 (direct fax)
E-mail:rheadrick@bakerdonelson.com
        mhmorgan@bakerdonelson.com

*Attorneys for TripAdvisor, LLC*

*Of Counsel:*
James Rosenfeld (admitted *pro hac vice*)
jamesrosenfeld@dwt.com
Samuel M. Bayard (admitted *pro hac vice*)
samuelbayard@dwt.com
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, New York 10019

12
DWT 19471214v5 0094890-000001
Case 3:11-cv-00549   Document 20   Filed 05/14/12   Page 17 of 18   PageID #: 251

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2012, a true and correct copy of the foregoing documents was electronically filed with the United States District Court for the Eastern District of Tennessee, and was served on all counsel by the court's electronic filing notification or via email.

<u>s/S. Russell Headrick</u>
S. Russell Headrick