IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

---

KENNETH M. SEATON d/b/a
GRAND RESORT HOTEL AND
CONVENTION CENTER,

      Plaintiff,

- against -

TRIPADVISOR, LLC,

      Defendant.

3:11-cv-00549

---

# DEFENDANT TRIPADVISOR, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE OR DISREGARD THE AFFIDAVIT OF CHRISTOPHER EMMINS

S. Russell Headrick
Meghan H. Morgan
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919

James Rosenfeld
Samuel Bayard
DAVIS WRIGHT TREMAINE, LLP
1633 Broadway, 27th Floor
New York, New York 10019

*Attorneys for TripAdvisor, LLC*

In response to the motion of Defendant TripAdvisor, LLC ("TripAdvisor") to dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Plaintiff submits an affidavit beyond the scope of the pleadings, and on this basis urges the court to convert the motion to one for summary judgment. *See* Plaintiff's Response to Defendant's Motion to Dismiss, filed March 31, 2012 (Doc. 15) ("Opp. Br."), at 19, 21; Affidavit of Christopher Emmins, sworn to March 30, 2012 (Doc. 15-3) (the "Emmins Affidavit").[1] Plaintiff's submission of the Emmins Affidavit is an improper attempt to create "genuine issues of material fact" where none are legally relevant because TripAdvisor's motion to dismiss is based on a purely legal ground. Accordingly, TripAdvisor respectfully submits that the Emmins Affidavit should be stricken from consideration on its motion to dismiss.

Where a defendant submits affidavits (or any other material) outside the pleadings on a Rule 12(b)(6) motion, the court has the discretion to disregard the extraneous material; but, if the court considers such material, it has no choice but to convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d). However, where – as here – a *plaintiff* submits material beyond the pleadings in response to a motion to dismiss, and the defendant has not, the court is to defer to the defendant's decision to move under Rule 12(b)(6), instead of Rule 56. *See McKee Foods Corp. v. Pitney Bowes, Inc.*, No. 1:06-CV-80, 2007 WL 896153, at *1 (E.D. Tenn. Mar. 22, 2007).

---

[1] Plaintiff also implies that the motion should be converted to summary judgment because TripAdvisor submitted a copy of the posting from its website where the statement that Plaintiff alleges as libelous in this action was published. *See* Opp. Br., at 19. But TripAdvisor's submission of the very statement that constitutes the basis of Plaintiff's defamation claim, as it was published, cannot give rise to conversion to summary judgment because it is not "outside the pleadings"; rather, it is considered part of the pleadings. As explained in TripAdvisor's memoranda in support of its motion to dismiss, the statement is referenced in the Complaint and is central to Plaintiff's defamation claim. *See, e.g.,* Doc. 8, at 4, n.3.

In *McKee Foods*, the plaintiff filed various affidavits in response to the defendants' Rule 12(b)(6) motion and requested a conversion to summary judgment. The defendants objected to the plaintiff's affidavits as beyond the pleadings. The court agreed, excluding the affidavits and declining to convert the motion to dismiss, because:

> [I]t is Plaintiff who attempts to use materials outside of the pleadings to convert Defendants' motion to one for summary judgment. If Defendants had wished to file a motion for summary judgment ... they would have done so.... The Court will give effect to Defendants' decision to move under Rule 12(b)(6).... Accordingly, the Court EXCLUDES the affidavits Plaintiff offers in opposition of Defendants' Motion to Dismiss. *Id.*

It is important to note that the *McKee Foods* court did consider as part of the pleadings a contract submitted by the defendants in support of their motion to dismiss because the contract, although not attached to the complaint, was referred to in the complaint and central to the plaintiff's claims. *Id.*

Similarly, in *Riggs Drug Co. v. Amerisourcebergen Drug Corp.*, No. 3:09-CV-538, 2010 WL 3630123, at *1-2 (E.D. Tenn. Sept. 13, 2010), the court granted the defendant's motion to strike the plaintiff's response to its Rule 12(b)(6) motion to the extent that the response "ma[de] use of materials [including] affidavits and declarations that are well beyond the pleadings," on the ground that, "[a]lthough they may be relevant during later stages of the litigation, the documents are not referred to in the complaint and central to [the plaintiff's] claims." *See also Peoples v. Bank of America*, No. 11-2863, 2012 WL 601777, at *4 (W.D. Tenn. Feb. 22, 2012) (rejecting the plaintiff's affidavit submitted in response to Rule 12(b)(6) motion as impermissible attempt to amplify pleadings while considering documents submitted with motion to dismiss that were referred to in the complaint and central to the plaintiff's claims); *McFarland v. Air Eng. Metal Trades Council*, No. 4:05-cv-108, 2007 WL 1795669, at *1-2 (E.D. Tenn. June 19, 2007) (rejecting the plaintiff's submission of material outside the pleadings in response to Rule

2

12(b)(6) motion that was based on purely legal arguments, and where little or no discovery had taken place, while considering a contract submitted in support of the motion to dismiss that was referred to in the complaint and central to the plaintiff's claims).

In this case, the Emmins Affidavit is *not* incorporated by reference in the Complaint, nor is it "central" to Plaintiff's defamation claim. The Emmins Affidavit, therefore, constitutes material outside the pleadings and, like the material rejected by the courts in the above-cited cases, should be disregarded, indeed stricken.[2]

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
By: s/S. Russell Headrick
S. Russell Headrick (BPR No. 005750)
Meghan H. Morgan (BPR No. 024619)

265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
(865) 549-7200 (direct phone)
(865) 525-8569 (direct fax)
E-mail:rheadrick@bakerdonelson.com
mhmorgan@bakerdonelson.com

*Attorneys for TripAdvisor, LLC*

*Of Counsel:*
James Rosenfeld (admitted *pro hac vice*)
jamesrosenfeld@dwt.com
Samuel M. Bayard (admitted *pro hac vice*)

---

[2] For the reasons set forth above, TripAdvisor believes that the Emmins Affidavit should be disregarded and that its Motion to Dismiss should not be converted into a summary judgment motion. In other words, we respectfully ask the Court to decide the motion TripAdvisor made, rather than the one that Plaintiff seeks to address. This would be not only proper but more efficient. In the event the Court does intend to convert the motion to one for summary judgment, TripAdvisor respectfully requests that the Court provide TripAdvisor with notice of its decision and "a reasonable opportunity to present all material that is pertinent to the motion [for summary judgment]," pursuant to Rule 12(d).

3

samuelbayard@dwt.com
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, New York 10019

## CERTIFICATE OF SERVICE

    I hereby certify that on May 14, 2012, a true and correct copy of the foregoing documents was electronically filed with the United States District Court for the Eastern District of Tennessee, and was served on all counsel by the court's electronic filing notification or via email.

                                s/S. Russell Headrick
                                S. Russell Headrick

4

DWT 19523090v3 0094890-000001

Case 3:11-cv-00549   Document 22   Filed 05/14/12   Page 5 of 5   PageID #: 259