## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: August 28, 2013

Mr. Christopher T. Bavitz
Cyberlaw Clinic
23 Everett Street, Second Floor
Cambridge, MA 02138

Mr. Samuel Maverick Bayard
Mr. James Eric Rosenfeld
Davis Wright Tremaine
1633 Broadway, 27th Floor
New York, NY 10019

Mr. Sidney W. Gilreath
Gilreath & Associates
P.O. 1270
Knoxville, TN 37902-1270

Ms. Laura Rose Handman
Davis Wright Tremaine
1919 Pennsylvania Avenue, N.W., Suite 800
Washington, DC 20006

Mr. S. Russell Headrick
Baker Donelson
265 Brookview Centre Way, Suite 600
Knoxville, TN 37919

Mr. John Terry Milburn Rogers
100 S. Main Street
Greeneville, TN 37743

Mr. Todd A. Shelton
102 S. Main Street
Greeneville, TN 37743

Re: Case No. 12-6122, *Kenneth Seaton v. TripAdvisor, LLC*
    Originating Case No. : 3:11-cv-00549

Dear Counsel,

    The court today announced its decision in the above-styled case.

    Enclosed is a copy of the court's opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

                                            Yours very truly,

                                            Deborah S. Hunt, Clerk

                                            Cathryn Lovely
                                            Deputy Clerk

cc:  Ms. Debra Poplin

Enclosures

Mandate to issue.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0255p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

KENNETH M. SEATON, dba Grand Resort
Hotel and Convention Center,
         *Plaintiff-Appellant*,

    *v.*

TRIPADVISOR LLC,
         *Defendant-Appellee*.

No. 12-6122

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 3:11-cv-00549—Thomas W. Phillips, District Judge.

Argued: July 30, 2013

Decided and Filed:  August 28, 2013

Before:  MOORE, CLAY, and WHITE, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Todd A. Shelton, JOHN ROGERS LAW GROUP, Greeneville, Tennessee, for Appellant.  Laura R. Handman, DAVIS WRIGHT TREMAINE LLP, New York, New York, for Appellee. **ON BRIEF:** Todd A. Shelton, John T. Milburn Rogers, JOHN ROGERS LAW GROUP, Greeneville, Tennessee, Sidney Gilreath, GILREATH & ASSOCIATES, Knoxville, Tennessee, for Appellant.  Laura R. Handman, James Rosenfeld, Samuel M. Bayard, DAVIS WRIGHT TREMAINE LLP, New York, New York, S. Russell Headrick, BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, Knoxville, Tennessee, for Appellee.

_____

**OPINION**

_____

    KAREN NELSON MOORE, Circuit Judge.  Plaintiff Kenneth Seaton is the sole proprietor of Grand Resort Hotel and Convention Center ("Grand Resort") located in Pigeon Forge, Tennessee.  Defendant TripAdvisor LLC ranked Grand Resort number

one on its "2011 Dirtiest Hotels" list.  Seaton filed suit in Tennessee state court, alleging claims for defamation and false-light invasion of privacy based on TripAdvisor's placement of Grand Resort on the "2011 Dirtiest Hotels" list.  After removing the case to federal court, TripAdvisor filed a motion to dismiss, asserting that Grand Resort's placement on the list is protected under the First Amendment.  Seaton moved to amend his complaint, seeking to add two additional claims: "trade libel/injurious falsehood" and tortious interference with prospective business relationships.  The district court granted TripAdvisor's motion to dismiss and denied Seaton's motion to amend as being futile.  For the reasons set forth in this opinion, we **AFFIRM** the district court's grant of TripAdvisor's motion to dismiss and its denial of Seaton's motion to amend his complaint.

## I. BACKGROUND

According to the complaint, Grand Resort has operated since 1982 and has "established itself as a valuable business in the state and county, [and] it justly and properly gained and kept the confidence and goodwill of the public generally, including many tourists that travel to The Great Smoky Mountains for vacation." R.1-1 (Compl. at ¶ 5) (Page ID #5).  Defendant TripAdvisor "is a worldwide company and subsidiary of Expedia, Inc. which is in the business of doing surveys of hotels and restaurants throughout the world."[1]  *Id.* at ¶ 3 (Page ID #4).  "On January 25, 2011, . . . TripAdvisor published a survey which concluded that . . . Grand Resort . . . was the dirtiest hotel in America."  *Id.* at ¶ 7 (Page ID #5).

On October 11, 2011, Seaton filed suit against TripAdvisor in the Circuit Court for Sevier County, Tennessee.  In his initial complaint, Seaton alleged, among other things, that TripAdvisor

> published its allegations . . . to cause the public to cease and refrain from doing business with [Grand Resort] and to cause great injury and irreparable damage to and to destroy [Grand Resort's] business and

---

[1] Because the facts used throughout this opinion are taken from Seaton's complaint and proposed amended complaint, we caution readers that, in reality, TripAdvisor's website might function differently than explained here.

> reputation by false and misleading means[. TripAdvisor] caused the [list] to be published in the industry, including CNN, ABC, NBC, and WATE, defaming [Grand Resort's] business with unsubstantiated rumors and grossly distorted ratings and misleading statements to be used by consumers.
>
> . . .
>
> TripAdvisor used a rating system which is flawed and inconsistent and distorts actual performance and perspective.

*Id*. at ¶ 7, 9 (Page ID #5–6). Although it is not entirely clear from the complaint, it appears that Seaton alleged two claims under Tennessee law: defamation and false-light invasion of privacy. *See* R. 25 (D. Ct. Op. at 6) (Page ID #271). Seaton sought five-million dollars of compensatory damages and five-million dollars of punitive damages. R. 1-1 (Compl. at ¶ 11) (Page ID #6).

TripAdvisor removed the case to the Eastern District of Tennessee on November 17, 2011 on the basis of diversity jurisdiction, Seaton being a citizen of Tennessee and TripAdvisor being organized in Delaware with its principal place of business in Massachusetts. R. 1 (Not. of Removal) (Page ID #1–3). Shortly thereafter, TripAdvisor filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), attaching a screenshot of the "2011 Dirtiest Hotels" feature that appeared on its website. R. 7 (Mot. to Dismiss) (Page ID #39–40); R. 8-1 (Def. Ex. A) (Page ID #66). This "2011 Dirtiest Hotels" list "as reported by travelers on TripAdvisor" contains: "Grand Resort Hotel & Convention Center[,] Pigeon Forge, Tennessee" next to the number "1" position; a photograph of a ripped bedspread; a quotation that "'There was dirt at least 1/2" thick in the bathtub which was filled with lots of dark hair.'"; and a thumbs-down image beside the statement "87% of reviewers do not recommend this hotel." *Id*.

On March 31, 2012, Seaton moved to amend his complaint. The proposed amended complaint added facts, including "different configurations" of the "2011 Dirtiest Hotels" list, and two claims: tortious interference with prospective business relationships and "trade libel/injurious falsehood." R. 16-1 (Am. Compl. at ¶¶ 9, 24–32) (Page ID #205–06, 210–13). Seaton also expanded his allegations:

> TripAdvisor used a flawed, inconsistent, unsupported, and improper system or method of naming and/or designating the Grand Resort Hotel and Convention Center as the dirtiest hotel in the United States or in placing the Grand Resort Hotel and Convention Center on the "2011 Dirtiest Hotels" list.
> . . .
> By relying, in part or in whole, upon . . . unverifiable data, and further applying such faulty methodology, TripAdvisor knew or should have known the statements it made regarding the "Dirtiest Hotels" list were false and defaming to the Plaintiff and TripAdvisor acted with negligence or reckless disregard for the truth or falsity of the statements.

*Id.* at ¶¶ 13, 14 (Page ID #207–08).[2]  On August 22, 2012, the district court granted TripAdvisor's motion to dismiss, reasoning that the list is protected opinion—it reflects TripAdvisor's users' subjective opinions—and therefore is not capable of being defamatory. R. 25 (D. Ct. Op. at 6–13) (Page ID #271–78).  The district court denied Seaton's motion to amend his complaint, finding that the additions would be futile because the added claims also require Seaton to show that TripAdvisor published false statements. *Id.* at 15–17 (Page ID #280–82).  This timely appeal followed.

## II. ANALYSIS

"[I]n cases raising First Amendment issues[,] an appellate court has an obligation to make an independent examination of the whole record in order to make sure that the judgment does not constitute a forbidden intrusion on the field of free expression." *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 17 (1990) ( internal quotation marks and alteration omitted).  In the present case, we are confident that the district court's judgment does not intrude on the First Amendment because the district court properly granted TripAdvisor's motion to dismiss and denied Seaton's motion to amend the complaint.  Seaton did not state a plausible claim for defamation because TripAdvisor's placement of Grand Resort on the "2011 Dirtiest Hotels" list is not capable of being defamatory.  Placement on the "2011 Dirtiest Hotels" list constitutes protected opinion

---

[2] Seaton sought also to add two defendants in his proposed amended complaint: TripAdvisor Holdings, LLC and Expedia, Inc.  Given that Seaton does not address this in his brief on appeal, the proposed additional defendants do not appear to have any effect on Seaton's appeal.

because the list employs loose, hyperbolic language and its general tenor undermines any assertion by Seaton that the list communicates anything more than the opinions of TripAdvisor's users. Seaton failed to state a plausible claim for false-light invasion of privacy because he did not allege that he was personally named on the list and because Grand Resort, as a business, cannot make such a claim under Tennessee law. Seaton's claim for trade libel/injurious falsehood is not plausible, as pleaded by Seaton, because it requires proof of publication of a false statement of fact regarding Grand Resort; Seaton cannot prove falsity because the placement of hotels on TripAdvisor's list constitutes protected opinion. Finally, Seaton did not state a plausible claim for tortious interference with prospective business relationships because, as he acknowledges, it relies on the "2011 Dirtiest Hotels" list being defamatory.

We review de novo both the district court's grant of a Rule 12(b)(6) motion to dismiss and its denial of a motion to amend the complaint when it concludes that such an amendment would be futile. *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 384 (6th Cir. 2009); *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 743 (6th Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although "[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss," documents attached "'to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 88–89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).[3]

---

[3] Rather than address Seaton's claims in his complaint and then proceed to address the (same) claims made in his proposed amended complaint, this opinion analyzes each of Seaton's claims by type. In addition to making this opinion easier to follow, this is appropriate because Seaton's arguments on appeal do not distinguish between the allegations made in his complaint and in his proposed amended complaint.

## A. Defamation

"To establish a prima facie case of defamation in Tennessee, the plaintiff must establish that: 1) a party published a statement; 2) with knowledge that the statement is false and defaming to the other; or 3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999). "The question of whether [a writing] was understood by its readers as defamatory is a question for the jury, but the preliminary determination of whether the [writing] is '*capable* of being so understood is a question of law to be determined by the court.'" *McWhorter v. Barre*, 132 S.W.3d 354, 364 (Tenn. Ct. App. 2003) (quoting *Memphis Publ'g Co. v. Nichols*, 569 S.W.2d 412, 419 (Tenn. 1978)). In the present case, Seaton's claim for defamation turns on whether TripAdvisor's "2011 Dirtiest Hotels" list is capable of being understood as defamatory.

Although the Supreme Court has refused to give blanket First Amendment protection for opinions, its precedents make clear that the First Amendment does protect "statements that cannot reasonably be interpreted as stating actual facts about an individual." *Milkovich*, 497 U.S. at 20 (internal quotation marks and alteration omitted). In so stating, the Supreme Court reaffirmed its prior decisions that protect statements employing "loose, figurative, or hyperbolic language which would negate the impression that the writer was seriously maintaining" an assertion of fact.[4] *Id*. at 20–21. The Court noted further that this impression could also be negated by "the general tenor of [an]

---

[4] *See Greenbelt Coop. Publ'g Ass'n v. Bresler*, 398 U.S. 6, 14 (1970) ("It is simply impossible to believe that a reader who reached the word 'blackmail' in either article would not have understood exactly what was meant: it was Bresler's public and wholly legal negotiating proposals that were being criticized. No reader could have thought that either the speakers at the meetings or the newspaper articles reporting their words were charging Bresler with the commission of a criminal offense. On the contrary, even the most careless reader must have perceived that the word was no more than rhetorical hyperbole, a vigorous epithet used by those who considered Bresler's negotiating position extremely unreasonable."); *see also Old Dominion Branch No. 496, Nat'l Ass'n of Letter Carriers, AFL-CIO v. Austin*, 418 U.S. 264, 285–86, (1974) ("It is similarly impossible to believe that any reader of the Carrier's Corner would have understood the newsletter to be charging the appellees with committing the criminal offense of treason. As in *Bresler*, Jack London's 'definition of a scab' is merely rhetorical hyperbole, a lusty and imaginative expression of the contempt felt by union members towards those who refuse to join.").

article."[5]  *Id*. at 21.  Tennessee courts, of course, adhere to *Milkovich*.[6]  *See Hibdon v. Grabowski*, 195 S.W.3d 48, 63 (Tenn. Ct. App. 2005) ("[S]tatements that cannot 'reasonably [be] interpreted as stating actual facts about an individual' because they are expressed in 'loose, figurative or hyperbolic language,' and/or the content and tenor of the statements 'negate the impression that the author seriously is maintaining an assertion of actual fact' about the plaintiff are not provably false and, as such, will not provide a legal basis for defamation.") (quoting *Milkovich*, 497 U.S. at 21); *Farmer v. Hersh*, No. W2006-01937-COA-R3-CV, 2007 WL 2264435, at *5 (Tenn. Ct. App. Aug. 9, 2007) ("Mere hyperbole or exaggerated statements intended to make a point are not actionable defamatory statements."); *Shamblin v. Martinez*, No. M2010-00974-COA-R3-CV, 2011 WL 1420896, at *6 (Tenn. Ct. App. Apr. 13, 2011) (Statement could not be construed as defamatory because "rhetorical hyperbole and matters of opinion . . . cannot be reasonably interpreted as stating actual facts about the Plaintiffs.").

Seaton failed to state a plausible claim for defamation because TripAdvisor's "2011 Dirtiest Hotels" list cannot reasonably be interpreted as stating, as an assertion of fact, that Grand Resort is the dirtiest hotel in America.  We reach this conclusion for two reasons.  First, TripAdvisor's use of "dirtiest" amounts to rhetorical hyperbole.  Second, the general tenor of the "2011 Dirtiest Hotels" list undermines any impression that TripAdvisor was seriously maintaining that Grand Resort is, in fact, the dirtiest hotel in

---

[5] We recognize that *Milkovich* is cited often for reaffirming that "a statement on matters of public concern must be provable as false before there can be liability under state defamation law, at least in situations . . . where a media defendant is involved." 497 U.S. 19–20 (citing *Phila. Newspapers, Inc. v. Hepps*, 475 U.S. 767 (1986)). We need not make this determination in the present case, however, because the other precedents reaffirmed in *Milkovich* provide ample protection for TripAdvisor's placement of Grand Resort on the list.

[6] In fact, Tennessee might offer more protection than the First Amendment. As explained by the Tennessee Court of Appeals,
> Article I, Section 19 of the Tennessee Constitution provides at least as much protection of the freedoms of speech and press as the First Amendment. *Doe v. Doe*, 127 S.W.3d 728, 732 (Tenn. 2004); *City of Cleveland v. Wade*, 206 S.W.3d 51, 56 n.6 (Tenn. Ct. App. 2006). It could provide more. *Leech v. Am. Booksellers Ass'n, Inc.*, 582 S.W.2d 738, 745 (Tenn. 1979). In fact, the Tennessee Supreme Court has held that its protections of the freedoms of speech and press are "substantially stronger" than the First Amendment because "it is clear and certain, leaving nothing to conjecture and requiring no interpretation, construction, or clarification." *Press, Inc. v. Verran*, 569 S.W.2d [435, 442 (Tenn. 1978)].

*Lewis v. NewsChannel 5 Network, L.P.*, 238 S.W.3d 270, 288 (Tenn. Ct. App. 2007).

No. 12-6122            *Seaton v. TripAdvisor LLC*                              Page 8

America. For these reasons, TripAdvisor's placement of Grand Resort on the "2011 Dirtiest Hotels" list constitutes nonactionable opinion.

The use of the word "dirtiest" "negate[s] the impression that" TripAdvisor is communicating assertions of fact. *Milkovich* 497 U.S. at 21. "Dirtiest" is a loose, hyperbolic term because it is the superlative of an adjective that conveys an inherently subjective concept. Here, no reader of TripAdvisor's list would understand Grand Resort to be, objectively, the dirtiest hotel in all the Americas, the North American continent, or even the United States. Instead, "even the most careless reader must have perceived" that "dirtiest" is simply an exaggeration and that Grand Resort is not, literally, the dirtiest hotel in the United States. *See Greenbelt Coop. Publ'g Ass'n v. Bresler*, 398 U.S. 6, 14 (1970). Thus, it is clear to us, as it would be to any reader, that TripAdvisor is not stating that Grand Resort is the dirtiest hotel in America as an actual assertion of fact. *See id*. at 20.

The general tenor of the "2011 Dirtiest Hotels" list buttresses the conclusion that readers would understand that by placing Grand Resort on the list, TripAdvisor is not stating an actual fact about Grand Resort. On the webpage in which the list appears, TripAdvisor states clearly "Dirtiest Hotels - United States as reported by travelers on TripAdvisor." The implication from this statement is equally clear: TripAdvisor's rankings are based on the subjective views of its users, not on objectively verifiable facts.[7] With this, readers would discern that TripAdvisor did not conduct a scientific study to determine which ten hotels were objectively the dirtiest in America. Readers would, instead, understand the list to be communicating subjective opinions of travelers who use TripAdvisor. Also on the list, the entry for Grand Resort includes a photograph

---

[7] At oral argument, Seaton argued that his claim for defamation was based also on TripAdvisor's misrepresentation of its users' survey responses. That is, Seaton newly contended that contrary to TripAdvisor's assertion that the "2011 Dirtiest Hotels" list is based on "report[s] by travelers on TripAdvisor," TripAdvisor's users did not give Grand Resort the lowest ratings for cleanliness (the survey question used by TripAdvisor to determine "dirtiest."). We need not decide whether this new allegation would suffice to assert a plausible claim for defamation because our review of the record reveals that Seaton did not make this specific allegation in his complaint or in his proposed amended complaint. Similarly, Seaton asserted at oral argument that his claim for defamation was predicated on TripAdvisor's reliance on undisclosed facts—its users' reviews and survey responses. Again, although this could perhaps be the basis for a defamation claim, our review of the record establishes that Seaton did not make this allegation in his complaint or his proposed amended complaint.

No. 12-6122          *Seaton v. TripAdvisor LLC*                    Page 9

of a ripped bedspread and a quotation from a TripAdvisor user: "'There was dirt at least 1/2" thick in the bathtub which was filled with lots of dark hair.'"[8] R. 8-1 (Def. Ex. A) (Page ID #66). No one reading the list would understand these two examples to be the determinative factors in what constitutes the dirtiest hotel in America. Readers would, instead, reasonably interpret these as entertaining examples of the specific experiences of two of TripAdvisor's users. Thus, the immediate context of Grand Resort's placement on the "2011 Dirtiest Hotels" supports the conclusion that the list cannot reasonably be understood as communicating that Grand Resort is, in fact, the dirtiest hotel in America.

The quotations regarding other hotels on the "2011 Dirtiest Hotels" list confirm that the list cannot be reasonably understood as asserting that the hotels on the list are, in fact, the ten dirtiest hotels in America. Beside each of the nine other hotels on the list is one of the following:

- Hotel #2: "Had to go buy socks so my feet wouldn't touch the carpet."

- Hotel #3: "They have dead roaches all over the hotel."

- Hotel #4: "The bathtub was full of dirty black stuff."

- Hotel #5: "Hold your nose for the garbage smell."

- Hotel #6: "Probably more sanitary to sleep in the bathroom of the room."

- Hotel #7: "Crusty white stains on the blankets and sheets."

- Hotel #8: "Mouse feces located around the base of the bathroom."

- Hotel #9: "Camp out on the beach instead."

- Hotel #10: "25 bug bites between the two of us."

---

[8]Seaton did not make specific allegations regarding these quotations in his complaint or proposed amended complaint. We note that even if the complaint or proposed amended complaint had alleged that TripAdvisor's users' statements are defamatory, TripAdvisor cannot be held liable for its users' statements under the Communications Decency Act, 47 U.S.C. § 230(c)(1).

R. 8-1 (Def. Ex. A) (Page ID #66). It is clear that these are dramatic examples of TripAdvisor's users' experiences at these various hotels and serve the function of entertaining readers. Thus, the hyperbolic nature of these quotes highlights why the general tenor of the entire "2011 Dirtiest Hotels" list supports our conclusion that the list cannot reasonably be understood as asserting that these are, in fact, the ten dirtiest hotels in America. Further, the lack of a recurring theme of what TripAdvisor's users considered to be dirty in each of the hotels on the list underscores why any reader would understand the list not to be communicating anything more than the experiences of individual users of TripAdvisor. In other words, the meaning of "dirtiest" is not easily pinned down when read beside these quotations; therefore, readers would not interpret "dirtiest" as making an assertion of fact. *See Levinsky's, Inc. v. Wal-Mart Stores, Inc.*, 127 F.3d 122, 129 (1st Cir. 1997) ("The vaguer a term, or the more meanings it reasonably can convey, the less likely it is to be actionable."). Therefore, the general tenor of the entire "2011 Dirtiest Hotels" list supports our conclusion that TripAdvisor's placement of Grand Resort as the dirtiest hotel in America cannot reasonably be understood as communicating an actual fact about Grand Resort.

The thrust of Seaton's argument on appeal is that Grand Resort's placement on the list connotes an assertion of fact when the "2011 Dirtiest Hotels" list is considered in its broader context. Seaton points to the fact that TripAdvisor considers itself to give the "World's Most Trusted Travel Advice" and to "share the whole truth about hotels." Appellant Br. at 29; R. 16-1 (Am. Compl. at ¶ 9) (Page ID #206). These statements, which Seaton characterizes as bolstering the credibility of the list, do not, however, have any bearing on whether placement on the list can "reasonably be interpreted as stating" an actual fact about Grand Resort. *Milkovich*, 497 U.S. at 20. Instead, TripAdvisor's claim of trustworthiness relates to its conveyance of its individual users' personal opinions. Further, "top ten" lists and the like appear with growing frequency on the web. It seems to us that a reasonable observer understands that placement on and ranking within the bulk of such lists constitutes opinion, not a provable fact. *See, e.g.*, Reader's Digest, Reader's Digest Trust Poll: The 100 Most Trusted People in America (2013), http://www.rd.com/slideshows/readers-digest-trust-poll-the-100-most-trusted-people-

in-america (stating that Tom Hanks is the most trusted person in America and showing that Judith Sheindlin, "Judge Judy," is more trusted than all nine Supreme Court Justices); *Vogel v. Felice*, 26 Cal. Rptr. 3d 350, 361 (Cal. Ct. App. 2005) ("[I]t is inconceivable that placement on the 'Top Ten Dumb Asses' list [appearing on a website] could be understood to convey any imputation of provable defamatory fact."). Therefore, contrary to Seaton's arguments on appeal, the broader context into which the "2011 Dirtiest Hotels list" fits supports our conclusion that TripAdvisor's placement of Grand Resort on the list cannot reasonably be interpreted as stating an actual fact.

Seaton's final argument is that "the percentage of negative reviews attributed to each of the ten hotels on the '2011 Dirtiest Hotels' list does not correlate to each hotel's one through ten ranking, exposing the flawed methodology or arbitrary manner by which the list was created." Appellant Br. at 30. This assertion matches Seaton's allegations made in his complaint and proposed amended complaint but does not advance his argument on appeal because it does not undermine the conclusion that placement on the list cannot reasonably be interpreted as stating actual facts. *See* R. 1-1 (Compl. at ¶ 9) (Page ID #6) ("Trip[A]dvisor used a rating system which is flawed and inconsistent and distorts actual performance and perspective."); R. 16-1 (Am. Compl. at ¶ 13) (Page ID #207) ("TripAdvisor used a flawed, inconsistent, unsupported, and improper system or method of naming and/or designating the Grand Resort Hotel and Convention Center as the dirtiest hotel in the United States or in placing the Grand Resort Hotel and Convention Center on the '2011 Dirtiest Hotels' list."). Further, in *Compuware Corp. v. Moody's Investors Services, Inc.*, we made clear that the subjective weighing of factors cannot be proven false and therefore cannot be the basis of a defamation claim. 499 F.3d 520, 529 (6th Cir. 2007) ("A Moody's credit rating is a predictive opinion, dependent on a subjective and discretionary weighing of complex factors. We find no basis upon which we could conclude that the credit rating itself communicates any provably false factual connotation. Even if we could draw any fact-based inferences from this rating, such inferences could not be proven false because of the inherently subjective nature of Moody's ratings calculation."); *see Milkovich*, 497 U.S. at 19–21 (reaffirming that the First Amendment protects statements that are not capable of being

proven false). Therefore, even if Seaton is correct that TripAdvisor employed a "flawed methodology" in creating the list, his claim for defamation still fails because TripAdvisor's method of compiling its user reviews and surveys, as alleged by Seaton, is "inherently subjective [in] nature" and therefore protected under *Compuware*. 499 F.3d at 529.

In sum, Seaton failed to state a plausible claim for defamation because TripAdvisor's placement of Grand Resort on the "2011 Dirtiest Hotels" list is not capable of being understood as defamatory; it is protected, nonactionable opinion. TripAdvisor's use of the word "dirtiest" constitutes loose, hyperbolic language, and the general tenor of the "2011 Dirtiest Hotels" list makes clear that placement on the list cannot reasonably be interpreted as stating actual facts about Grand Resort. Seaton's arguments to the contrary are unavailing. For these reasons, we affirm the district court's grant of TripAdvisor's motion to dismiss and its denial of Seaton's motion to amend the complaint as futile.

## B. False-Light Invasion of Privacy

Tennessee recognizes the separate, but related, tort of false-light invasion of privacy, which requires: (1) publicity, (2) that places the plaintiff in a false light, (3) that is "highly offensive to a reasonable person," and (4) that the defendant knew of or acted with reckless disregard to the "falsity of the publicized matter and the false light in which the other would be placed." *West v. Media Gen. Convergence, Inc.*, 53 S.W.3d 640, 643–44 (Tenn. 2001). Discussing the parameters of false-light invasion of privacy, the Supreme Court of Tennessee explained that:

> [T]he right to privacy is a personal right. As such, the right cannot attach to corporations or other business entities, may not be assigned to another, nor may it be asserted by a member of the individual's family, even if brought after the death of the individual. Therefore, only those persons who have been placed in a false light may recover for invasion of their privacy.

*Id*. at 648 (internal citation omitted).

In the case at hand, Seaton did not allege in his complaint or in his proposed amended complaint that he was named personally in Trip Advisor's list, and our own review of the list confirms why: Trip Advisor named only Grand Resort. Therefore, Seaton cannot recover under his own theory of the case because he did not make plausible allegations that he was placed personally in a false light. *Id*. Further, Seaton cannot recover on behalf of Grand Resort because it is a business and as such does not have the right under Tennessee law to recover for a violation of its privacy. *Id*. Therefore, we affirm the district court's grant of TripAdvisor's motion to dismiss and its denial of Seaton's motion to amend his complaint as futile because Seaton failed to allege a plausible claim for false-light invasion of privacy.[9]

## C. Trade Libel/Injurious Falsehood

As noted by the district court, "[t]o the extent that Tennessee common law recognizes trade libel and injurious falsehood as causes of action, such claims require proof of the publication of a false statement of fact." *Seaton v. TripAdvisor, LLC*, 2012 WL 3637394, at *8 (E.D. Tenn. Aug. 22, 2012) *(citing Kan. Bankers Sur. Co. v. Bahr Consultants, Inc.*, 69 F. Supp. 2d 1004, 1015 (E.D. Tenn. 1999); *AmMed. Direct, LLC v. Liberty Med. Supply, Inc.*, 2009 WL 3680539, at *8 (M.D. Tenn. Sept. 23, 2009); *Medison Am., Inc. v. Preferred Med. Sys., LLC*, 548 F. Supp. 2d 567, 584 (W.D. Tenn. 2007)). On appeal, Seaton concedes the same: "Trade libel . . . includes, as an element, proof of publication of a false statement of fact regarding the plaintiff's business, causing damages to the business." Appellant Br. at 39–40. Seaton cannot prove falsity, however, because Grand Resort's placement on TripAdvisor's list constitutes protected opinion. Restatement (Second) of Torts § 623A cmt. c (1977) ("There is no recovery in

---

[9] Although this was not the rationale used by the district court, we may affirm the district court's judgment on any basis supported by the record. *Schlaud v. Snyder*, 717 F.3d 451, 459 n.6 (6th Cir. 2013). This is not to say that the district court's rationale was wrong. To the contrary, we agree with the district court that Seaton cannot prove falsity, an element of false-light invasion of privacy, because Grand Resort's placement on TripAdvisor's list constitutes protected opinion. We note also that Seaton's claims for false-light invasion of privacy, trade libel/injurious falsehood, and tortious interference with prospective business relationships appear to be an attempt to bypass the First Amendment. *See Compuware*, 499 F.3d at 529 ("[S]tricter scrutiny may be warranted where a plaintiff attempts to use a state-law claim to avoid the strict requirements for establishing a libel or defamation claim.") (internal quotation marks omitted); *Boladian v. UMG Recordings, Inc.*, 123 F. App'x 165, 169 (6th Cir. 2005) ("A party may not skirt the requirements of defamation law by pleading another, related cause of action.").

defamation for the expression of a mere opinion that does not carry by implication the allegation of defamatory facts."); *id.* § 626 cmt. a ("This Section [Disparagement of Quality - Trade Libel] is a special application of the general principle stated in § 623A, to which reference should be made. The Comments under that Section are all applicable here, so far as they are pertinent. The particular form of injurious falsehood that involves disparagement of quality is commonly called "trade libel.""); Robert D. Sack, *Sack on Defamation: Libel, Slander and Related Problems* § 13:1.4[D] (4th ed. 2012). Therefore, we affirm the district court's denial of Seaton's motion to amend his complaint to add this claim of trade libel/injurious falsehood as futile.

**D. Tortious Interference with Prospective Business Relationships**

Tortious interference with prospective business relationships has the following elements under Tennessee law:

> (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiff's business dealings with others in general; (3) the defendant's intent to cause the breach or termination of the business relationship; (4) the defendant's improper motive or improper means; and finally, (5) damages resulting from the tortious interference.

*Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 701 (Tenn. 2002) (citations and emphasis omitted); *see* R. 25 (D. Ct. Op. at 15–16) (Page ID #280–81). Under Tennessee law, "improper means" includes defamation. *Trau-Med of Am., Inc.*, 71 S.W.3d at 701 n.5. On appeal Seaton notes that "[t]ortious interference with prospective business relationships, under Tennessee law, is a similar claim [to trade libel/injurious falsehood] in the sense that it requires improper conduct, which could include defamation, resulting in damages to business relationships." Appellant Br. at 40. The district court held that because Seaton relied solely on defamation to establish improper means, his claim for tortious interference with prospective business relationships fails. Seaton does not argue that the district court held wrongly that his claim for tortious interference with prospective business relationships required proof of

defamation; instead, he challenges the district court's determination that the "2011 Dirtiest Hotels" list is not defamatory. *Id*. Because we agree with the district court that Grand Resort's placement on the list is not capable of being understood as defamatory, Seaton failed to state a plausible claim for tortious interference with prospective business relationships. Therefore, we affirm the district court's denial of Seaton's motion to amend his complaint to add this claim of tortious interference with prospective business relationships as futile.

### III. CONCLUSION

For the reasons set forth in this opinion, we **AFFIRM** the district court's judgment granting TripAdvisor's motion to dismiss and denying Seaton's motion to amend his complaint as futile.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 12-6122

KENNETH M. SEATON, dba Grand Resort
Hotel and Convention Center,
       Plaintiff - Appellant,

v.

TRIPADVISOR LLC,
       Defendant - Appellee.

```
                              FILED
                           Aug 28, 2013
                        DEBORAH S. HUNT, Clerk
```

Before: MOORE, CLAY, and WHITE, Circuit Judges.

## JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION WHEREOF, it is ORDERED that the district court's judgment granting TripAdvisor's motion to dismiss and its denial of Seaton's motion to amend his complaint are AFFIRMED.

                **ENTERED BY ORDER OF THE COURT**

                Deborah S. Hunt, Clerk